The People ex rel. Joseph Kresser et al., Appellants, *v.* Philip Fitzsimmons et al., Respondents.

Under the provision of the Revised Statutes (1 R. S., 118, § 19) providing that the commissions of all officers who are appointed where no provision is made by law, shall be signed by the presiding officer of the board or body, or by the person making the appointment, a written appointment, signed by the proper officer, or any paper signed by him, with intent to make and showing that he has made the appointment, is a sufficient commission; and it need not be delivered to make it effectual.

The mayor of Albany, erroneously supposing it was necessary that his appointments of excise commissioners should be approved by the common council, sent to that body a communication, signed by him officially,

1877.] People ex rel. Kresser et al. *v.* Fitzsimmons et al. 515

Statement of case.

stating that he submitted the "following nominations for confirmation," following which were nominations of officers who are required to be confirmed by the common council, and then the nomination of defendants F. and P., and of one A., as excise commissioners. These nominations were confirmed by the common council. Subsequently A. declined to accept, whereupon the mayor sent another communication, stating that fact, and submitting the nomination of defendant K., which was also confirmed; defendants took the oath of. office, and entered upon the discharge of their duties. *Held* (RAPALLO, J., dissenting), that the papers were valid and sufficient appointments, and their effect as such was not changed by the fact that they were addressed and submitted to the common council; also, that no further commissioners were necessary.

As to whether excise commissioners can be appointed under the excise law of 1870 (chap. 175, Laws of 1870), by parol, *quære.*

*People* v. *Murray* (5 Hun, 42) questioned.

(Argued February 8, 1877; decided February 20, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, in favor of defendants, entered upon a case submitted under section 372 of the Code.

The question presented was, as to whether defendants or relators were lawfully entitled to hold the office of commissioners of excise for the city of Albany.

The facts submitted were, in substance, as follows: The term of office of the commissioners appointed prior to 1876, expired on the first day of May of that year ; on the 17th of April, 1876, the then mayor transmitted to the common council a communication, as follows:

"CITY OF ALBANY, MAYOR'S OFFICE, }
ALBANY, *April* 17, 1876. }

*To the Honorable the Common Council :*

GENTLEMEN. — I respectfully submit the following nominations for confirmation." [Here followed the nominations for various city officers, which by the charter of the city were required to be confirmed by the common council.]

"For excise commissioners : Frederick Andes, Philip Fitzsimmons, George W. Philpot.

EDMUND L. JUDSON,
*Mayor.*"

All these nominations were confirmed by the common council. Peter C. Lauder who was so nominated and confirmed as city marshal, and Frederick Andes, as excise commissioner, declined to accept. On the twenty-fourth April, the mayor transmitted to the common council another communication, which, after stating the fact of such declension, continued as follows : " To supply the vacancies made by their declinations I submit for your consideration and approval the following nominations: For city marshal, Augustus F. Fisher ; for excise commissioner, Charles Kirchner.

Respectfully.

EDMUND L. JUDSON,

*Mayor.*"

These nominations were confirmed by the common council.

The three persons so appointed excise commissioners who are the defendants herein, upon being notified of their appointments, took the oath of office, which was administered by the mayor, and entered upon their duties and assumed to act as such commissioners.

On the 21st November, 1876, the then mayor assuming that defendants had not been duly appointed, appointed the relators excise commissioners, who took the oath of office and demanded of defendants the surrender of the offices and of the books and papers, which defendants refused.

*S. O. Shepard* and *Geo. L. Stedman* for the appellants. The defendants were not lawfully appointed excise commissioners. (Laws 1870, chap. 175, § 2 ; 2 R. S. [6th ed.], 933 ; *People* v. *Gates*, 56 N. Y., 387.) The power of appointment to office is a judicial power, and must be exercised by the officer or tribunal to which the law has committed it. (*Wildey* v. *Johnson*, 16 J. R., 49 ; *Weed* v. *Peak*, 8 id., 69 ; *Aub. Academy* v. *Strong*, Hopk., 278 ; *Barto* v. *Himrod*, 4 Seld., 483 ; *Thorne* v. *Cramer*, 15 Barb., 112; Dil. on Municipal Law, § 146.)

*Amasa J. Parker* for the respondents. The nomination of defendants as commissioners of excise, to the common

council, was an appointment of them by him to that office. (Laws 1870, 167; Manual, 42; 1 R. S. [6th ed.], 413, 414; 1 Cranch, 137, 155; 10 Pet., 343; *People ex rel. Babcock* v. *Murray*, 5 Hun., 42; *People* v. *Gates*, 56 N. Y., 387.) An appointment by parol would be valid. (*People* v. *Van Slyck*, 4 Cow., 324; 5 Hun., 42; *Saunders* v. *Owen*, 2 Salk., 467; 12 Mod., 200; Bac. Abr., "Offices and Officers," E.)

Earl, J. The only question for our determination is whether the defendants were legally appointed excise commissioners for the city of Albany. If they were, the relators are not entitled to the offices.

Section 2 of chapter 175 of the laws of 1870 provides as follows: "The mayor of each of the cities, except in the cities of New York and Brooklyn, shall appoint the commissioners of excise in their respective cities within ten days after the passage of this act; but in the cities of New York and Brooklyn the mayor shall nominate three good and responsible citizens to the board of aldermen of such cities, respectively, who shall confirm or reject such nominations. * * * Commissioners of excise in cities shall hold their offices for three years and until others shall be appointed in their places. * * * On the first Monday of April of every third year hereafter, the mayor and board of aldermen shall proceed to appoint, in the manner above described, persons qualified as aforesaid to be such commissioners of excise in their respective cities for the next three years, commencing on the first day of May of that year."

It was decided in *The People* v. *Gates* (56 N. Y., 387), that in all the cities of the State, except New York and Brooklyn, the mayor alone had the power of appointment, and that as to the first and all subsequent appointments of excise commissioners in those cities only do the boards of aldermen have any thing to do with the appointments.

The question then is, were the defendants legally appointed by the mayor of Albany? It was decided in *The People* v. *Murray* (5 Hun, 42), that excise commissioners, under the

law of 1870, could be appointed by parol.    I think it may well be doubted whether, under our laws, public officers may be appointed without writing, and before yielding to the authority of that case, if it were necessary to the decision of this, the question would be carefully examined.    I will assume, without deciding it, that the mayor could not make the appointment by parol, and then the only further inquiry is, whether he made it in writing.   I am of opinion that he did.

The officer clothed with the power of appointment must select the persons to be appointed.    He may listen to the recommendation and advice of others, but the selection must finally be his act.    Here it is undisputed that the mayor selected the defendants for excise commissioners.    In the absence of any statute prescribing a particular form of writing for an appointment, it may be in any form, provided the language be sufficient to show that the officer intended thereby to exercise his power and to discharge his duty of appointment.

The Revised Statutes (vol. 1, p. 118) provide, that " the commissions of all civil officers appointed by the governor and senate, or by the governor, shall be signed by the governor and attested by the secretary of State under the seal of this State, and shall be recorded by the secretary; " and (id., p. 119), that " the commissions of all other officers, when no special provision is made by law, shall be signed by the presiding officer of the board or body, or by the person making the appointment."    The commissions last mentioned need not be in any particular form.    The written appointment signed by the officer, or any paper signed by him showing that he has made the appointment, is sufficient, and the commission need not be delivered.    There is no statute requiring its delivery, and there is nothing in the nature of an appointment or a commission which makes delivery to the person appointed a prerequisite to its validity.    Unless the statute requires something more to be done, when the officer has executed the writing, with the intention by that act to make the appointment, and has thus discharged his whole duty in reference thereto,

the appointment is a completed act. It was so held in the celebrated case of *Marbury* v. *Madison* (1 Cranch, 137).

In this case the mayor labored under the mistake that it was necessary that his appointment of excise commissioners should be confirmed by the common council, and hence he addressed to that body the following communication: "I respectfully submit the following nominations, for confirmation [here follow several nominations of other officers who are required to be confirmed by the common council, and then], for excise commissioners: Frederick Andes, Philip Fitzsimmons, George W. Philpot." This communication was signed, officially, by the mayor. The nominations were voted upon and confirmed by the common council. Subsequently Andes and the person appointed city marshal declined to accept the offices tendered to them, and then the mayor, over his official signature, sent another communication to the same body, in which he stated the declination of the two officers and says: "To supply the vacancies made by their declinations, I submit for your consideration and approval the following nominations: For city marshal, Augustus F. Fisher; for excise commissioner, Charles Kirchner." These persons were also confirmed. The persons thus appointed excise commissioners subsequently took the oath of office before the mayor, and entered upon the discharge of their duties.

By signing these documents and transmitting them to the common council the mayor evidently intended to discharge, and supposed that he had discharged, his whole duty under the statute in reference to the appointment of excise commissioners. When they, subsequently, came before him claiming the offices, he administered the official oath to them without any further act on his part, thus showing how he understood what he had before done.

The fact that the mayor used the word "nominations" instead of "appointments," is of no moment. The words "nominate," "select," "designate," "choose," would, either of them, answer the purpose, in such case, if used in the sense of appoint.

These documents must be construed like other written instruments, and whatever is fairly implied or inferable from them must be considered as if plainly written in them. (*Rogers* v. *Kneeland,* 10 Wend., 218; S. C., 13 id., 114.)

They may then be read as if the mayor had stated in them that he had made the nominations of the persons named, and that he submitted them for confirmation or approval. The fact that the document was addressed to the common council can make no difference. The essential thing is the fact of appointment. That might have been contained in a letter addressed to the persons appointed, or to the public. If the paper was signed for the purpose of making or evidencing the appointment, all the rest is mere matter of form and unimportant. Neither is it important that the nominations, after they were thus made, were submitted to the common council for confirmation or approval. Whether the mayor asked the consent of anybody before or after he made the appointments, they were all his acts. He selected the men; he appointed them, and they were no less his appointments after confirmation by the common council. That was an idle ceremony which could not detract from what he had done before.

It can make no difference that he supposed the confirmation of the common council to be necessary. He had done all he could do; all he intended to do, and all he could be required to do. And after he had thus selected the men and named them for the office as his final act, it matters not as to the potency of that act that he also erroneously supposed that something more was to be done by some other body or persons. If he had supposed that it was necessary to have the appointment recorded in the office of the secretary of State, and had sent it to the secretary for that purpose, it would still have been an effectual appointment the moment he had intentionally completed what he was required by law to do. He did not associate the members of the common council with him in making the appointment. It was his act alone. No further commission was necessary. That document contain-

ing or evidencing the appointment would answer the purpose of a commission, if one was necessary.

It cannot be denied that much can be said in opposition to the conclusion we have thus reached. But, in a case like this, where the mayor had the undoubted authority to make the appointments, and exercised that authority at the proper time, and the persons appointed had accepted their offices and entered upon the discharge of their duties, disregarding mere matters of form, the action of the mayor must be upheld, if it can be without violating any rule of law, and that it can be thus upheld we think has been sufficiently shown.

The judgment must, therefore, be affirmed, with costs.

Rapallo, J. (dissenting). When the legislature has provided two modes of conferring offices, one by nomination by the mayor to the common council and their confirmation of such nomination, and the other by appointment by the mayor alone, I do not think that the distinction thus made can be ignored, and one method treated as the equivalent of the other. The office of excise commissioner, now in controversy, was, as is decided in *People* v. *Gates* (56 N. Y., 387), conferable by appointment by the mayor. The power and responsibility rested with him alone. Instead of himself making the appointments the mayor, in the present case, proposed names to the common council for their approval, and they having approved his nominations the nominees were sworn in. It does not seem to me that this was a valid exercise of the power of appointment. The argument in its support is, that inasmuch as the mayor had power to appoint without asking the consent of the common council, his consulting them was a mere superfluity which did no harm. But the answer to this argument is that the mayor did not exercise his power, but submitted the question to the common council. It is by no means certain that if they had rejected his nominations, the nominees would, nevertheless, have been admitted to the office, or even that if the mayor had not supposed a confirma-

tion necessary he would have made the nominations which he did. Both of these propositions must be assumed for the purpose of establishing that the nomination was equivalent to an appointment. When the legislature has conferred this power upon the mayor, I think he must exercise it and give to the public the benefit of his free·choice, and assume the entire responsibility of the selection, and that it is not a compliance with the law to submit the matter to the decision of another body, and thus divide both the power and responsibility.

The judgment should be reversed.

All concur with EARL, J., except RAPALLO, J., dissenting. Judgment affirmed.