THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANKLIN N. WRIGHT, Respondent, v. REUBEN WILLARD. Appellant.

*Appointment to office — necessity of a written appointment — 1 R. S., m. p. 118, sec. 19.*

Upon the trial of this action, in the nature of a *quo warranto*, to oust the defendant from the office of trustee of the village of Northville, it appeared that the relator claimed to be entitled to the office by virtue of a resolution adopted by the board of trustees of the village, appointing him to fill a vacancy in that office created by the resignation of a former trustee.

*Held,* that as it did not appear that any commission, signed by the presiding officer of the board, had been issued to the relator, as was required by section 19 of 1 Revised Statutes (m. p. 118), the complaint should be dismissed.

APPEAL from a judgment in favor of the relator, entered in Fulton county upon the trial of this action by the court without a jury.

This is an action in the nature of *quo warranto* and is brought by the authority of the attorney-general to oust the defendant and to restore the relator to the office of trustee of the village of Northville in the county of Fulton. At the annual election in 1885, one James A. Cole was duly elected trustee of the village of Northville and duly qualified and held such office until July 24, 1885, when he resigned and his resignation was accepted. Thereupon the board of trustees of said village appointed the relator to fill the vacancy caused by the resignation of said Cole, and caused a resolution to that effect to be entered upon the record of its proceedings. The relator thereupon duly qualified and entered upon the discharge of his duties, and continued to act as such trustee until the 16th day of March, 1886, at which time the election for the elective village offi-

cers was held. At such election the defendant received votes to fill said vacancy, and no other person received any votes for said office; thereupon the defendant assumed the duties of the office and continued to act as such trustee until the trial of this action, and excluded the relator therefrom.

*Lee S. Anibal,* for the defendant, appellant.

*D. O'Brien,* attorney general, and *J. M. & H. Dudley,* for the relator, respondent.

LEARNED, P. J. :

1 Revised Statutes (m. p. 118, § 19) says : " The commissions of all other officers (meaning other than those previously mentioned) where no special provision is made by law, shall be signed by the presiding officer of the board or body, or by the person making the appointment." *People ex rel. Babcock* v. *Murray* (70 N. Y., 521), holds strongly the necessity of a written appointment, and goes far to modify the authority of *People ex rel. Kresser* v. *Fitzsimmons* (68 N. Y., 514). At any rate, both cases concur in the necessity of a writing, signed by some one authorized to sign. The question then must be whether there is any special provision made by law for the signature of commissions issued to village officers, or whether such commissions fall under the general rule of the Revised Statutes. It is claimed by the relator that the general act for incorporation of villages (chap. 291, Laws of 1870) makes such special provision. Title 2, section 10, authorizes the board of trustees to fill any vacancy. That provision gives them the power, but does not prescribe how its exercise shall be manifested. Section 13, title 8, requires a record to be kept, and section 16 provides that every rule and resolution may be read in evidence in all places from the original records.

Now the provision of the Revised Statutes is general, in many cases the board or body making the appointment must have a clerk or secretary, whose duty it is to keep a record. Such records are generally admissible in evidence. Can it be, then, that in making this provision the legislature overlooked this fact ? Did they not rather intend that, in so important a matter as the appointing to office, a commission signed by the presiding officer should always be issued ?

In section 17 they had provided that certificates of boards of canvassers should be evidence of election. And they might have provided in a similar manner for resolutions of appointment signed by clerks of boards.

Now it seems to us that the above cited provision in the act for incorporation of villages in regard to resolutions could not have been intended to supersede the general law of the Revised Statutes in respect to commissions. The village act speaks of rules, resolutions and proceedings. It has no special reference to appointments. And we think it could not have been intended as a special provision, made by law, for the commissioning of appointees. And it must be noticed that the power of the board to fill vacancies is not confined to vacancies in their own body. So that, if the resolution in the records is good in the case of a trustee, it is good also in the case of any other village officer whose vacant place the trustees may fill. We think that the language of the Revised Statutes implies that some paper is to be issued to the appointee.

Judgment reversed and complaint dismissed, with costs against relator.

MAYHAM, J., concurred, LANDON, J., not acting.

Judgment reversed and complaint dismissed, with costs against the relator.