Andrew R. Tyler, J.
This is a proceeding pursuant to article 78 of the CPLR to review respondents ’ determination that petitioner is not qualified for the position of school crossing guard, and seeking her retroactive assignment to such position with back pay.
The position of school crossing guard is provided for under section 434a-16.1 of the Administrative Code of the City of New York. The Police Commissioner has discretion to employ people for this purpose, set the periods of time for such employment, and promulgate rules and regulations for their conduct. They are not police officers, although they wear a uniform. The requirements for the position include a written examination, a medical examination, character investigation and oral interview. There are minimum and maximum age limits, height and weight standards, vision and hearing standards, United States citizenship and good character are also required.
Respondent found petitioner not qualified on the basis of “good character”. Respondent’s affidavits and petitioner’s own application form for the position in question reveal that she is the mother of 8 children by 5 different fathers, as shown by the names of the children. She has not been married.
The law is clear that respondent has sole discretion in performing his duty to choose his subordinates (People ex rel. Kresser v. Fitzsimmons, 68 N. Y. 514 ; Matter of Turel v. Delaney, 287 N. Y. 15 ; Matter of Delicati v. Schechter, 3 A D 2d 19). The law is *451 also clear that he may not abuse that discretion. ‘ ‘ the courts have never hesitated to strike down the illegal or the arbitrary, and will not permit the exercise of arbitrary power to seek shelter under the rubric of exercise of discretion.” (Matter of Delicati v. Schechter, supra, p. 23).
Is respondent’s refusal to qualify petitioner for the school crossing guard position illegal or arbitrary on the ground of “ good character? ” We believe it is.
Respondent has not defined “ good character ” on any objective scale. He admits that being a parent does not disqualify one for this position, whether the child or children are within or without wedlock. He does not indicate what degree of parenthood constitutes good or bad character. We must assume that 1‘ character ’ ’ somehow relates to reputation in the community.
Petitioner is Puerto Rican and poor. That constitutes her “ community ”, even her “ culture ”, if we accept the term as used by Lewis in LaVida (Random House, N. Y. 1965). Our own census figures show that about 1 out of 15 births is out of wedlock for the population as a whole, but substantially higher for npn-whites than whites. A recent New York study, reported in the New York Times on November 30,1970, showed that approximately 25% of Puerto Rican births are illegitimate. Petitioner’s life style is too prevalent in her community to reflect against her “ character ”.
What is far more determinative of her ‘ ‘ good character ’ ’ in this connection, since it relates to employment, is her desire and ability to do the job. Although petitioner is supported by welfare, she wants to work, and does when work is available. She met every objective criterion for this position. She submitted a glowing letter of reference from the assistant principal of the school where she was employed as a substitute school aide. In the very area needed for the position here in question, working with children, she has shown both her competence and “character”. The court believes the Board of Education to be as concerned about its employees as the Police Department.
To deny petitioner qualification for this position because of her children is not only arbitrary, but illegal as discrimination against her because of race and sex. If more Puerto Ricans have children out of wedlock than Caucasians, then a refusal of a position on that ground affects them more and is discriminatory. -If the fact of children is more easily discovered about the mother who lodks after them than the father who does not, then it is discriminatory against women.
In a case decided within the past weeks on interpretation of title VII of the Civil Rights Act of 1964, the United States *452 Supreme Court said: ‘ ‘ What is required by Congress is the removal of artificial, arbitrary, and unnecessary barriers to employment when the barriers operate invidiously to discriminate on the basis of racial or other impermissible classification. ’ ’ (Griggs v. Duke Power Co., 401 U. S. 424, 431).
With respect to retroactive employment and back pay to September, 1970, the application must be denied. The statute permits only the respondents to decide that any such employees are necessary, even the hours of work which are necessary and which may vary from one post to another. There is no indication that a position was available at the beginning of the school year.
Petition is granted to the extent of ordering respondents to mark petitioner qualified and is otherwise denied.