■ In the Matter of JOYCE CHALLANDES, Respondent, v O. PAUL SHEW, as Village Manager of the Village of Ossining, et al., Appellants. [712 NYS2d 593] —In a proceeding pursuant to CPLR article 78 to review a determination of the Village Manager of the Village of Ossining, dated December 31, 1998, which revoked the appointment of Joyce Challandes to the position of Data Entry Operator, the appeal is from a judgment of the Supreme Court, Westchester County (Leavitt, J.), entered May 6, 1999, which granted the petition and reinstated her to the position of Data Entry Operator with all back pay, salary, and other compensation which she would have received had her appointment not been revoked.

Ordered that the judgment is affirmed, with costs.

The documentary evidence overwhelmingly established that the Village Manager of Ossining appointed Joyce Challandes to the position of Data Entry Operator by an open, unequivocal act (*see, People ex rel. Kresser v Fitzsimmons,* 68 NY 514). Within one or two days of the appointment, Challandes was advised that she would be terminated. Pursuant to County of Westchester Civil Service Rule 11.1 (a) (1), once appointed, Challandes must serve a minimum of 12 weeks before she may be removed at the discretion of the appointing authority, unless, after a hearing, she is removed for incompetence or misconduct pursuant to Civil Service Law § 75 (*see,* County of Westchester Civil Service Rule 11.7). Since there was no hearing, Challandes was removed in violation of the civil service

rules (*see, Matter of Albano v Kirby,* 36 NY2d 526). Accordingly, Challandes' petition to be reinstated to the position of Data Entry Operator with back pay, salary, and other compensation was properly granted. Sullivan, J. P., S. Miller, Florio and McGinity, JJ., concur.