The citizens of the several towns in this State, qualified by the Constitution to vote for elective officers, are by law directed annually to assemble and hold town meetings in their respective towns, at such place in each town as the electors thereof, at such meetings, shall, from time to time, appoint; and, when so assembled, are vested with the power to elect various town officers: to direct the raising of money for specified purposes: to make such prudential rules and regulations in relation to various subjects as they may deem proper; and with many other important powers. Certain officers of the town are required to attend and preside at every town meeting held therein, and the town clerk last before elected or *Page 142 
appointed is required to act as clerk and keep faithful minutes of its proceedings, in which he shall enter at length every order or direction, and all rules and regulations made by such meeting; and, in case of his absence, another person is to be appointed to act as clerk by the electors present. These minutes must be subscribed by the presiding officers and clerk, and filed in the office of the town clerk within two days after the meeting. (1 R.S., p. 339, c., §§ 1, 5, 6, 9, 11, 14, 15, 19.) It is also made the duty of the town clerk, to whom the custody of all the records, books and papers of the town is committed by law, to transcribe in the book of records of his town the minutes of the proceedings of every town meeting held therein, and to enter into such book every order or direction, and all rules and regulations made by such town meeting (1 R.S., p. 350, § 12); and it is declared that copies of all the papers duly filed in the office of the town clerk, and transcripts from the book of records, certified by him, shall be evidence in like manner as if the originals were produced. (Id., § 16.)
It will be seen from the preceding statement that, while the electors of the several towns in this State have many legislative and other important powers conferred on them, special provision is carefully and sedulously made that faithful minutes in writing of all their acts and proceedings shall be kept by one of their own town officers, and officially authenticated, and then filed in the office of the town clerk and transcribed by him in the book of records of his town.
It is shown, in the case before us, that minutes of the acts and proceedings of the annual town meeting held in the town of Bleecker in 1859 were kept and authenticated in conformity with the provisions of law to which I have referred. They were, therefore, the best evidence of what was done at that meeting; and, if they are to control the rights of the parties, there is no doubt that the relator, Burr, was duly elected in 1860. The question then recurs, whether those minutes are conclusive on the subject. It is a well settled rule that, where the law requires the evidence of a transaction to be in writing, oral evidence cannot be substituted for that, so long as the *Page 143 
writing exists and can be produced; and this rule applies as well to the transactions of public bodies and officers as to those of individuals. (1 Greenl. Ev., §§ 86, 470, 479-489, 493; Stark. Ev., part IV, p. 995, vol. III, Am. ed.; Owings v. Speed, 5 Wheat., 420; Denning v. Roome, 6 Wend., 651, c.)
It is insisted, on the part of the defendant, that this rule does not apply to a proceeding instituted to test the title to an elective office. It is true that, in such a proceeding, it may be shown, by competent proof, that a person claiming an office under a certificate or declaration of election, although attested in due form of law, was not in fact elected. Such a certificate or declaration is not conclusive, and it may be conceded that the defendant had the right to show, as claimed by him, that the meeting at which Burr was elected was not held at the place where the electors at the previous town meeting had appointed it to be held; but that does not reach or affect the matter at issue in this case.
The question is, not as to the right to prove the fact itself, but as to the right to contradict by oral testimony the duly authenticated minutes of the town meeting as to that fact, and to show that the place so appointed was another and different place from that specified in those minutes.
No case authorizing such proof, or establishing a principle by which it is admissible, has been produced. A contrary doctrine was maintained by the Supreme Court of Massachusetts in the case of Taylor v. Henry. (2 Pick., 397.) There the title to the office of town clerk in a town in that State came in question. Taylor claimed to have been legally elected thereto, but Henry, the incumbent of the previous year, denied the validity of the election and refused to surrender the records, c., appertaining to the office, and an application was then made for a mandamus to compel such delivery. It appeared, by extracts produced from the town records, that the election, under which he claimed, took place at an adjourned meeting held on the 2d day of March, 1824. The day appointed by law for holding the annual town meeting was the day previous, and it was in fact held at that time, and certain persons were *Page 144 
then elected to office. There was no entry in the minutes of an adjournment to the day at which Taylor was chosen, or to any other time. Such an adjournment was deemed essential by the court to give validity to the relator's election; and they said: "We think that fact must appear by the records. The record of the meeting of the 2d March is merely that, at an adjourned meeting,c., without saying of what meeting it was an adjournment. It might have been of a meeting in February or any other time."
It was then contended that parol evidence was admissible to establish the fact; but Chief Justice SHAW said: "We do not find a case which authorizes the opinion that an adjournment may be proved by parol evidence. It would be dangerous to admit such proof. Suppose a town to be very much divided. It might be hard to decide, without polling, whether a meeting was adjourned or not. We should have honest and intelligent men swearing to each side of the question. If a fact of that kind can be proved by parol evidence, it is difficult to see why the election of officers may not be proved in the same manner. This goes to the foundation of our system of civil society. We are obliged to come to the conclusion that there was no proof of a legal meeting on the second day, and that the petitioner is not town clerk."
In that case, it will be observed that it was held to be incompetent to supply an omission in the minutes. Much greater reason exists against the introduction of proof to contradict them.
Mr. Starkie, in his valuable Treaties on Evidence, says: "Where written instruments are appointed, either by the immediate authority of the law or by the compact of parties, to be the permanent repositories and testimony of truth, it is a matter both of principle and of policy to exclude any inferior evidence from being used either as a substitute for such instruments or to contradict or alter them: of principle, because such instruments are, in their own nature and origin, entitled to a much higher degree of credit than that which appertains to parol evidence: of policy, because it would be attended with great mischief and inconvenience, if those instruments *Page 145 
upon which men's rights depend were liable to be impeached and controverted by loose collateral evidence." (Starkie, part IV, p. 995, vol. III, 3d Am. ed.)
The reason of the rule applies with great force in the case before us. The minutes of town meetings contain, as has been stated, such rules and regulations as may have been prescribed, and a statement of all acts done in exercise of the powers delegated to them. In some respects they are in the nature of legislative acts, and in others they partake of the character of legislative journals. They extend to all the citizens of the towns information in a certain and definite form, and which could not be attainable with any degree of certainty by any other means; and if their truth could be questioned in a proceeding based thereon, and especially by oral evidence, a principle would be sanctioned alike destructive of private rights and prejudicial to the public welfare. Those minutes are the only evidence accessible to the inhabitants generally of what was transacted at such meetings. Many of the electors in a town at the meeting held in one year, may not have been such at that in the year previous. Some may have removed into it from other towns, and others may have attained their majority within the year. They therefore could not be presumed to have had personal knowledge of the transactions at the previous town meeting; and it would be extremely unjust to deprive them of the rights and privileges which, according to the minutes of that meeting they were entitled to, by the uncertain recollection of bystanders. There would be no safety in the administration of public affairs, if such a rule were tolerated. If it should be held allowable to show that the place for the election, as designated in the town records, was incorrectly stated therein, it would be equally admissible to prove that the time for holding such meeting, as contained in the resolution of the board of supervisors, was incorrect. The time of holding an election is as material as the place. Indeed, I do not see where the limitation would be fixed. All acts of our legislature are required to be passed by a certain vote to give them validity; and if oral evidence can be given *Page 146 
to show that the acts and proceedings of towns, of which minutes in writing are required to be kept, are not correctly stated therein, there is no reason, in principle, why the legislative journals and the laws themselves might not be questioned by proof of their inaccuracy.
These considerations lead us to the conclusion that the evidence offered and rejected in the case before us was properly rejected, and that the judgment of the Supreme Court should be affirmed.