(15 Misc. Rep. 240.)

### POOLEY v. CITY OF BUFFALO.

(Superior Court of Buffalo, General Term. December 23, 1895.)

1. PAROL EVIDENCE—TO AFFECT RECORD OF CITY COUNCIL.

On an issue as to the validity of an assessment for a local improvement, evidence dehors the record of the common council is not admissible to show that objections to the confirmation of the assessment roll were not read to or heard by the council.

2. MUNICIPAL CORPORATIONS—ASSESSMENTS—HEARING OBJECTIONS.

On an issue as to the validity of an assessment for a local improvement, it appeared that the assessment roll was in the possession of the city clerk; that he reported the objections to its confirmation, which had been on file in his office for 10 days, to the common council; that an opportunity was given to those objecting to be heard; and that, no one appearing, the roll was confirmed. Held a substantial compliance with the requirement that the common council "hear the objections."

3. SAME—BENEFITS.

In proceedings to grade a street, where the assessors report that the property assessed will be benefited, an objection to confirmation of the assessment roll on the ground that it includes land not benefited by the improvement is untenable, such fact not appearing in the roll itself.

4. SAME—FAILURE TO CONSIDER OBJECTIONS.

In an action to recover back assessments for a local improvement, on the ground that the common council, in confirming the assessment roll, failed to consider objections made thereto, plaintiff must show that he was prejudiced by the omission.

Appeal from trial term.

Action by George Pooley against the city of Buffalo to recover moneys paid upon assessments levied against him and his assignors for a local improvement. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before TITUS, C. J., and WHITE, J.

Frank C. Laughlin, for appellant.

Tracy C. Becker, for respondent.

TITUS, C. J. In the trial court the plaintiff obtained a judgment against the defendant for damages for assessments levied against him and his assignor in paving and grading Forest avenue, in this city. Forest avenue was paved in 1874, at a large expense, and the assessment for the improvement was ordered by the common council, to pay the expense thereof, under and by virtue of a special act of the legislature. The questions involved in this case have been before the courts many times, and this case has been twice argued in the court of appeals. Pooley v. City of Buffalo, 122 N. Y. 592, 26 N. E. 16; Id., 124 N. Y. 206, 26 N. E. 624. Objection is now taken that error was committed by the court in admitting parol evidence dehors the record to show that the objections to the confirmation of the roll were not read to or heard by the common council. It is also claimed that the fair

inference and legal presumption is that the objections were laid before the common council, and read by the clerk, as the charter of the city required. Other questions are raised by the defendant's counsel affecting the plaintiff's right to recover. In disposing of this case all have not been considered, but we think, upon the record as it now appears before us, that this judgment must be reversed.

In the case of Granger v. City of Buffalo, 6 Abb. N. C. 238, and again when the same case was before this court, not being reported, but made a part of this record, some of the questions here discussed were passed upon; but we do not regard them as settled, so as to be controlling, with any unanimity of opinion by the judges of this court, if we except one, to which I shall refer later. The decision in the Granger Case was practically the decision of one member of this court, Judge Smith writing a convincing argument, appealing most strongly to my view of the law. Judge Sheldon did not take part in the last decision. It is neither res adjudicata, so as to bind this court by the conclusion reached in that case, nor should it, on principle, conclude us from passing upon the questions here presented, in view of the fact that the court of appeals has intimated, when this case was before that court, that the action of the common council, as appears by the record, was a hearing and passing upon the objections made to the confirmation of the roll, if we are satisfied that the decision is not based upon sound rules of law and of public policy.

When the case of Granger v. City of Buffalo was before this court the last time, all of the judges of this court held that it was not competent to alter the record of the common council by parol evidence. The case was tried before Judge Sheldon, where the defendant offered to show, by the testimony of the deputy city clerk, that the objections and roll were in fact laid before the common council, and read. The court ruled it out. Judge Beckwith, in his opinion in the general term, sustaining the ruling of the court, cited many authorities, and, in concluding, said:

"Upon grounds of public policy, the rule is laid down by the courts, as I understand it, that where the proceedings of municipal councils affect the rights and personal interests of citizens, and are required by statute to be kept in writing, parol testimony cannot be received to vary or add anything to the written minutes,—that is to say, the record,—or to supply any alleged omission."

Judge Smith, in the same case, although dissenting from the general proposition decided by the decision of the court, in speaking of this question says:

"I pass over the defendant's offer to show by parol evidence that the objections were in fact read aloud by the clerk or his deputy to the common council at their meeting when the roll was confirmed, both because I think, as I have already said, that the record as proved is sufficient, and because I concede the force of the plaintiff's objection that parol evidence is not competent to add or to supply defects or explain ambiguities in the official record of such a body as a common council."

So that the ruling upon this particular question has been determined in the Granger Case by all of the judges who were then members of this court adversely to the plaintiff's contention here.

On the trial of this action, notwithstanding both of the opinions in

the Granger Case were before the court, the learned judge, when this same deputy city clerk who, in the Granger Case, was called upon by the defendant to prove that the objections were laid before the common council, and read, was called upon by the plaintiff to explain and impeach the record of the common council, allowed him to testify under objection that, "so far as my recollection is concerned, I should state they [the objections] were not read." And, in his twenty-second finding of fact, the trial judge, upon the testimony of this clerk, predicates a finding as follows:

"That, on the 7th day of July, 1875, the assessment roll in suit herein, and the objections thereto, before mentioned, were brought before a meeting of the common council by the city clerk, who notified said common council that objections had been filed to said roll, but did not state what said objections were, by whom they were made, or in any way read said objections to said council, nor did said council in any way read or hear the same."

In the twenty-third finding of fact, the court found as follows:

"That any presumption which might arise from the statement in the minutes of the common council of the city of Buffalo of the meeting of July 7, 1875, in reference to the proceedings of the city clerk and of the council concerning said assessment roll and said objections, that said objections were read and were heard by said common council, has been overcome by sufficient proof given upon this trial that said objections were not read to or heard by said common council in any way."

—Thus, by permitting what I conceive to be the erroneous admission of evidence, changing the official record of a public legislative body, and rebutting what in my mind would be the legal presumption that the assessment roll and objections were placed before the common council, and disposed of in the manner directed by the charter.

The court then, in the fourth conclusion of law, after finding that it was the legal duty of the common council to require said objections to be read, and to hear the same, concludes:

"That the failure of said common council to require said objections to be read, and to hear said objections, constitutes a defect in the proceedings confirming said assessment roll, which renders said roll illegal and invalid."

There is, upon this incompetent testimony as a foundation, built a structure of fiction which enables the plaintiff to recover more than $25,000 of old assigned claims utterly without merit, and, as I believe, a fraud upon the city of Buffalo, it appearing that these taxes have since been paid, and the property upon which they were assessed having received the benefit of the improvement.

Aside from the question of the admissibility of the testimony of the deputy city clerk, I do not think the finding is sustained by the evidence. On the cross-examination of this witness, he said:

"I recognize these papers as having seen them before, from the fact that my writing is upon each of them. I recognize them simply by my handwriting. That is the only way. I have no recollection of the substance of these objections. I don't remember this day of July 7, 1875. I haven't anything that would refresh my memory other than seeing these papers. I don't remember anything that took place on that day, nothing special, only in a general way. I remember it as I remember any other date of a meeting of the common council. * * * I would not be positive who the clerks were. I don't remember as a fact that I did read these objections. * * * These [objections] were filed in the clerk's office, attached to the rolls, and submitted to the council that day."

Further on, the same witness says:

"I should be disposed to swear, because of my notation on the papers of June 30th and July 1st, that I saw these papers on July 7th. To the best of my recollection, I will swear to that fact. * * * I simply reason it out. I don't think I was present at every meeting of the common council in 1875. I wouldn't swear I was not. My memory doesn't serve me in that respect. * * * It is possible that July 7th was one of the meetings of the council at which I was not present."

It is from the testimony of this witness, who has no recollection of what took place in the meeting of the council at which this roll was confirmed, except as he "reasons it out," that the court finds an important fact which invalidates this roll, overruling the legal presumption in favor of the regularity of the proceedings of the common council, and of its compliance with the provisions of the charter in confirming this roll. This testimony, as is apparent on reading it, was of negative character. The witness did not profess to recollect anything that occurred at this meeting of the council, and could only speak of the course of procedure where an objection to a roll was laid before the common council; and he does not know that the objections were not read. I submit this is not sufficient, nor is it any evidence, assuming its competency, upon which to predicate a finding impeaching the proceedings of the common council; and therefore this ruling of the trial court, I think, was erroneous.

Without this finding of fact that these objections were not read or heard by the common council, with all due deference to the opinion of Judge Beckwith, I am of the opinion that the proceedings of the common council at their meeting on the 7th were a substantial compliance with the provisions of the charter requiring the common council to "hear the objections." The roll was in the possession of the clerk, and the record shows that he reported the objections to the meeting of the common council, after having remained on file in his office for 10 days. An opportunity was given for parties to be heard concerning the objections, and, no one appearing, the roll was confirmed. It seems to me the presumption must follow that the assessment roll and all objections thereto were before the council, and that they were informed of the nature of the objections, and confirmed the roll, notwithstanding them. No other presumption can follow. That was the purpose for which they were assembled, and it seems to me it would do violence to reason and the orderly proceedings of that body to say that it neglected to hear the objections. The full purpose and intent of the charter provision was accomplished. Persons objecting to the roll had an opportunity to be heard, and their objections, which had been reported by the clerk, were there for the purpose of having their sufficiency passed upon. The purpose of the law had been accomplished. Objectors to the roll had been given their day in court, and they should not at this remote period be heard to say in opposition of the record that their objections were not read and heard.

The objections to the confirmation of the roll do not seem to have been in the case when it was before the court of appeals. They

now appear as an exhibit. They are allegations of conclusions of fact and of law. No fact is stated showing that the assessment was not properly made upon which the common council could determine the question of the legality of the assessment. There were three objections. The first is that the "assessment is made without legal authority"; the second is that the "assessment roll includes a large quantity of land not benefited by the improvement for which the assessment is made"; and the third is that "the assessment is in excess of the taxing power of the state." The court of appeals, when this case was before it, disposed of the first and last objections, holding that the common council had the power to make the assessment, as they were, by special act of the legislature, authorized to do. The second objection is without merit. It is the allegation of a conclusion of fact which does not appear from the roll itself. No fact is stated showing wherein the assessment includes a large quantity of land not benefited by the improvement. The assessors reported, as the charter required them to do (Laws 1870, c. 519, tit. 6, § 3), that the property assessed was benefited by the improvement, and there was nothing in the objections to show that this was not true. There is no provision in the charter requiring or authorizing the common council to make an investigation for the purpose of determining whether all of the property assessed is benefited. The assessors are required to determine that fact, and it cannot, in the absence of a statutory direction, be said that anything was required of the council in that respect. The assessors had determined the question. The objectors simply took issue with the assessors. The roll, upon its face, showed no defect or illegality. The objection could be of no practical service to the common council in determining its course, as it shed no light upon the question of the validity of the roll. It was an assertion which, in the light of subsequent events, was false. No one has ever claimed since, so far as I am able to learn, or offered to show, that there was any truth or merit in this second objection, and, if it had no merit, no one was harmed; and, in view of the fact that the burden is upon the plaintiff to prove the facts entitling him to relief, it must be made to appear that he was in some way prejudiced by the failure of the common council to consider the objections which were made. Pooley v. City of Buffalo, 124 N. Y. 211, 26 N. E. 624. It seems to me, therefore, in view of the fact that the court of appeals has determined that the first and third objections were not meritorious, the statement of the counsel and the finding of the court that the objections, if true, were sufficient to invalidate the roll, are perfunctory, and not true in fact. While the assessors are required by the charter to assess the expense of a local improvement upon all of the property benefited, there was nothing in the roll and no facts stated in the objection which tended in any degree to show that the assessors had not conformed to the charter in every particular in making this assessment, nor is any way pointed out by the charter for the common council to ascertain the truthfulness or falsity of objection after the assessors have reported that all of the property benefited by the improvement is assessed. I do not think

there is any merit in this second objection, and invoking the law of this case, as I understand it to be determined by the court of appeals in 124 N. Y. and 26 N. E., the parties were not prejudiced by the failure of the common council to consider the objections which were made.

I have not considered the other questions raised by the defendant in its brief, some of which appear to be meritorious, for the reason that I am satisfied that this judgment should be reversed on the grounds herein stated.