PEOPLE ex rel. JACOB SIMERMYER v. ROOSEVELT et al., Commissioners.

(Supreme Court, Appellate Division, First Department. March 20, 1896.)

1. TRIAL OF POLICE OFFICER—PERSONAL RECORD—CONSIDERATION.
   Though the personal record of a police officer cannot be looked to in determining whether he is guilty of the charges preferred against him, the police commissioners, in fixing his punishment. after he has been found guilty, have a right to consider his record, or any other fact that is within their personal knowledge.

2. POLICE COMMISSIONERS' RETURN—RECITALS—CONSTRUCTION.
   A return stating that, at the termination of the hearing before the board of police commissioners of charges preferred against a police officer, the proceedings and said officer's record were duly considered by said commissioners, and that, after due consideration thereof, they determined that said officer was guilty as charged, does not affirmatively show that the officer's record was considered in determining his guilt.

3. SAME—NECESSARY CONTENTS OF RETURN.
   The board of police commissioners should state specifically, in the return, just what they considered in determining the guilt or innocence of a police officer against whom charges were preferred.

4. DETECTIVE—TESTIMONY—CORROBORATION.
   It is not necessary that the testimony of a member of the regular detective force, against a police officer, be corroborated, to be considered by the board of police commissioners.

Motion for reargument. Denied.

For original opinion, see 37 N. Y. Supp. 113.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Robert J. Robeson, for the motion.

Theodore Connoly, opposed.

PER CURIAM. The counsel for the relator entirely misapprehends the rule as to the effect of the consideration of the record of the relator by the commissioners. In determining charges against a member of the police force, the commissioners first have to determine whether or not the person charged is guilty of the offense with which he has been charged. That question can only be determined upon evidence before the commissioners; and if it appeared by the return that the commissioners had considered other facts, not introduced in evidence before them, it would be our duty to reverse the conviction. Where, however, the commissioners have determined the question as to the guilt or innocence of the relator under the charges preferred, they then have to determine what punishment should follow; and, in determining that question, they have a right to consider the relator's record, or any other fact that is within their personal knowl-

·edge. This principle was established in the case of People v. French, 119 N. Y. 505, 23 N. E. 1061. The respondents, therefore, had the .right to have before them the record of the relator; and, while they had not the right to consider that record in determining whether or not the relator was guilty, it was properly before them for the purpose of considering the punishment.

The presumption is that the commissioners, being public officers, properly performed their duty, and observed the rules that the law prescribes for the trial of cases of this kind; and, before we can reverse the decision on this ground, it must appear affirmatively that ·they disregarded this rule, and considered, upon the trial of the relator, his record, which was before them; and this nowhere appears. The return states that, at the termination of the trial·or hearing the said ·charges and specifications, the proceedings and the relator's record were duly considered by the respondents, and that, after due con‹ .sideration thereof, they determined that this relator was guilty as ·charged, and they thereupon passed a resolution dismissing him from the police force. There is nothing here to show affirmatively that the ,respondents considered the record of the relator in determining his .guilt or innocence. If the relator had wished to present that question, he should have moved to compel the commissioners to make a more specific return, stating expressly upon what they based their findings. As to the guilt or innocence of a person charged with an ,offense against the rules and regulations of the departments, we think that, in a return of that kind, it is the duty of the commissioners to state specifically just what they considered in determining that question. But, as the return does not show specifically that they did consider anything except the evidence before them upon :that question, we are not required to reverse their proceedings.

In deciding the question, no notice was taken of the point made ·that the evidence of Dennett, the person making the charge, was not to be considered unless corroborated, on the ground that he was a detective, because we deemed it quite unworthy of consideration. The ·plain distinction between an officer of a society organized for the purpose of aiding in the enforcement of the law and the suppression of ,crime, without personal ends to serve, and a private detective, employed and paid by an individual who, for some personal reason, wishes to show that another has been guilty of an offense, is so apparent that we thought it entirely unnecessary to call attention to :it. It is clear that whatever criticism the courts have made upon ·the evidence of such private detectives had no application to a case like the present. Dennett was no more a private detective, within ·the meaning of the criticism of the witnesses in the case cited by the relator, than was the relator himself, who was a police officer, and whose duty it was to enforce the law.

The motion for reargument should be denied, with $10 costs. All ·concur.