The People of the State of New York ex rel. Francis J. Clarke, Appellant, v. Theodore Roosevelt et al., Composing the Board of Police of the Police Department of the City of New York, Respondents.

1. New York City — Rule for Determining Guilt of Police Officer on Trial of Charges.  In determining the guilt of a police officer who is on trial for charges preferred against him, the police commissioners must act upon the evidence produced before them and not upon their own knowledge.  But in inflicting the punishment they may take into consideration his record as well as the evidence.

2. When Guilt of Officer Properly Determined.  Notwithstanding that it appears from the return of the board of police commissioners of New York city to a writ of certiorari obtained by a police officer to review their determination removing him from office upon charges pre-ferred against him, that the adjudication of guilt and the imposition of punishment both took place at the same meeting and were accomplished by the same resolution, if it is found from such decision, and all the papers and proceedings had before the board, and also returned by them, that the guilt of such officer was determined upon the proofs produced, and that his record was only considered in determining his punishment, the writ should be dismissed and the determination of the board confirmed.

*People ex rel. Clarke* v. *Roosevelt*, 4 App. Div. 611, affirmed.

(Argued June 4, 1901; decided November 19, 1901.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 4, 1896, which confirmed, on certiorari, the proceedings of the defendants in dismissing the relator from the police force of the city of New York and dismissed the writ.

The facts, so far as material, are stated in the opinion.

*Edmund L. Mooney* and *Frederick A. Card* for appellant.  There was no evidence warranting relator's conviction on the charges made against him.  (*People ex rel.* v. *Martin,* 142 N. Y. 352; *People ex rel.* v. *French,* 119 N. Y. 493; *People ex rel.* v. *Bd. of Police Comrs.,* 155 N. Y. 40; *People ex rel.* v. *Roosevelt,* 22 App. Div. 626; *People ex rel.* v. *Roosevelt,* 7 App. Div. 610; *People ex rel.* v. *Bd. of Police,* 55 Hun, 445.)  The consideration by the respondents of

relator's record on the question of guilt was vital error. (*People ex rel.* v. *Roosevelt,* 1 App. Div. 577; *People ex rel.* v. *York,* 50 App. Div. 359; *People ex rel.* v. *York,* 52 App. Div. 295.) The respondents erred in receiving and considering the certificates of the police surgeons. (*People ex rel.* v. *Bd. of Police Comrs.,* 155 N. Y. 40; *People ex rel.* v. *Roosevelt,* 5 App. Div. 328; *Parr* v. *Village of Greenbush,* 72 N. Y. 463; *People ex rel.* v. *Walsh,* 87 N. Y. 481.)

*John W. halen, Corporation Counsel* (*Theodore Connoly* and *Terrence Farley* of counsel), for respondents. The petition or affidavit upon which a writ of certiorari issues serves the purposes of an assignment of errors, and no irregularities will be considered except such as are pointed out therein even if they be apparent of record. (4 Ency. of Pl. & Pr. 147, 149, 293; *People ex rel.* v. *Scannell,* 56 App. Div. 52; *People ex rel.* v. *Roosevelt,* 2 App. Div. 536.) The use made of relator's record was a legal one. (*People ex rel.* v. *Roosevelt,* 2 App. Div. 526; *People ex rel.* v. *Scannell,* 53 App. Div. 637; *People ex rel.* v. *Roosevelt,* 5 App. Div. 329; *People ex rel.* v. *Roosevelt,* 17 App. Div. 301; *People ex rel.* v. *York,* 50 App. Div. 359; *People ex rel.* v. *York,* 52 App. Div. 295; *People ex rel.* v. *Scannell,* 56 App. Div. 53.) The respondents had jurisdiction to investigate the charges, and all the proceedings were regular. (*People ex rel.* v. *McClave,* 123 N. Y. 512.) The evidence abundantly establishes the truth of the charges upon which the relator was dismissed. (*People ex rel. MacLean,* 37 N. Y. S. R. 628; *People* v. *Eastwood,* 14 N. Y. 562; *State* v. *Pike,* 49 N. H. 399; *Gahagan* v. *B. & L. R. R. Co.,* 1 Allen, 187; *Piers* v. *State,* 53 Ga. 365; *Stanley* v. *State,* 26 Ala. 26; *People ex rel.* v. *French,* 119 N. Y. 493; *People ex rel.* v. *French,* 110 N. Y. 494.)

HAIGHT, J. I adopt the rule sanctioned in the case of *People ex rel. McAleer* v. *French* (119 N. Y. 502) to the effect that "In determining the guilt of a police officer, who

is on trial for charges preferred against him, the police commissioners cannot act upon their own knowledge. The charges must be tried upon evidence, and the guilt must be established by evidence produced before the commissioners upon the trial. * * * But in inflicting the punishment they may take into consideration the evidence, as well as their own knowledge of the police officer, and inflict such punishment, authorized by the rules and the statutes, as in their judgment the case, in view of all the circumstances, requires."

Has this rule been violated by the commissioners in the case under consideration?

The respondents in their return to the writ of certiorari state that at the termination of said trial "the proceedings and the relator's record were duly considered by your respondents at a regular meeting of the board of police, held on the 9th day of August, 1895; and after due consideration thereof your respondents determined, after the exercise of their best judgment and discretion, that the relator was guilty as severally charged, and they thereupon passed resolutions * * * declaring ordering and adjudging that the several charges were true and dismissing the relator from the police force of the city of New York." It thus is apparent that the adjudication of guilt and the imposition of punishment both took place at the same meeting and were accomplished by one resolution of the board. As we have seen, the board of police had the right to consider the relator's record in determining the character of the punishment that should be imposed, but not in determining the question of his guilt. The board, therefore, had the right to have the relator's record present at the meeting and to consider it in determining the punishment. Whether the commissioners did more is not clear from the return and in this respect it may be treated as ambiguous. To aid us in determining the true intent and meaning of the board in the return, to which we have alluded, we find that the commissioners have also returned all of the papers and proceedings had before the board, among which is the written decision of the commis-

sioners with the resolution passed by them, adjudging the relator guilty of the charges and removing him from the police force. In this decision it appears that the judgment as to the relator's guilt was based upon the proofs produced before them. I think this instrument, returned by the board as its final adjudication and determination in the case, makes clear the intent and meaning of the board in its return to which we have alluded, and that is that the guilt of the relator was determined upon the proofs produced before the board and that his record was only considered in determining the punishment.

The order should be affirmed, with costs.

BARTLETT, J. (dissenting). The relator was tried on two distinct charges, similar, except as to date, one referring to May 31st, 1895, and the other to June 1st, 1895. The charge was that on both of these days relator was so much under the influence of intoxicating liquor as to unfit him for police duty during his tour of patrol. After a hearing before the commissioners, on each charge, they were respectively adjudged to be true, on the 9th day of August, 1895, and the relator was dismissed from the police force. The evidence was conflicting, and it cannot be said that the findings of the commissioners were not warranted by the proofs.

It is equally true that the record discloses a state of facts that would have sustained an adjudication in favor of the relator, a veteran of the Civil war, who had served about eighteen years on the police force of the city of New York.

The contention that there was no evidence supporting the charges cannot be sustained.

A single question of law is presented by this appeal. It is urged that the commissioners erroneously considered the official record of the relator, kept by the police department, during his term of service, on the question of his guilt.

That the relator's record was so considered appears by the return made by the respondents to the writ of certiorari, it being stated therein as follows: " That at the termination of

said trials or hearings, the said charges and specifications, the proceedings and the relator's record were duly considered by your respondents at a regular meeting of the Board of Police held on the 9th day of August, 1895 ; and after due consideration thereof your respondents determined, after the exercise of their best judgment and discretion, that the relator was guilty as severally charged," etc.

We have here the distinct statement and admission that after considering the charges and specifications, the proceedings and the relator's record, the relator was found guilty.

In *People ex rel. McAleer* v. *French* (119 N. Y. 502) this court held, Judge EARL writing the opinion : " In determining the guilt of a police officer, who is on trial for charges preferred against him, the police commissioners cannot act upon their own knowledge. The charges must be tried upon evidence, and the guilt must be established by evidence produced before the commissioners upon the trial. * * * But in inflicting the punishment they may take into consideration the evidence, as well as their own knowledge of the police officer, and inflict such punishment, authorized by the rules and the statutes, as in their judgment the case, in view of all the circumstances, requires."

The learned Appellate Division disposed of this clearly erroneous action of the commissioners by holding that the record could not have prejudiced the relator. This conclusion evidently rests upon the assumption that the record is, as claimed by the corporation counsel before us, a very good one.

In my opinion it is impossible for the appellate court to measure the effect the relator's record may have had on the commissioners. The record clearly had no effect in mitigation of punishment, as the relator was visited with the extreme penalty, dismissal from the police force. It is by no means clear that it did not weigh against him.

An inspection of the relator's record shows that he was appointed to the police force June 30th, 1877, when thirty years old. Prior to October 1st, 1893, nine complaints were made against him, two were dismissed, in three he was repri-

manded and in four he was fined an aggregate of five and a half days' pay. The nature of these nine complaints is not disclosed by the record blank, nor does it appear that the commissioners were ignorant of their character.

The reasonable presumption is that the records of the department contained this information.

It is possible that some one or more of these charges may have been intoxication while on duty.

After the first day of October, 1893, three charges were made as follows: October 24th, 1893, "under influence of liquor and unfit for duty;" this complaint was dismissed December 1st, 1893. On October 25th, 1893, "did not properly patrol" — fined five days' pay. On May 7th, 1895, "standing, and in company of female" — fined two days' pay. One of the commissioners questioned the relator on the trial as to the previous charge of intoxication, but no date was fixed; it was shown that the complaint was dismissed. We cannot agree that this record, containing charges of which we know nothing, worked no prejudice to the relator. It was, according to the return, given all the force and effect of evidence and the relator was afforded no opportunity of explanation.

The record of a policeman, as kept by the police department, is incompetent evidence on these trials before the commissioners and cannot be considered when passing upon the guilt or innocence of the accused. The commissioners must confine themselves to the evidence taken on the trial. After the guilt of the accused has been determined the commissioners in fixing the penalty may consult their own knowledge of the officer on trial or their records which will aid them to determine the degree of punishment to be inflicted.

This is precisely the kind of information that is constantly furnished a trial judge after a defendant is convicted and sentence is to be pronounced. It is in no legal sense evidence and would be incompetent if offered at the trial.

The learned corporation counsel insists that the case at bar is controlled by *People ex rel. Simermeyer* v. *Roosevelt* (1

App. Div. 434; affd., without opinion, 151 N. Y. 675) and *People ex rel. Strauss* v. *Roosevelt* (2 App. Div. 536; affd., on opinion below, 153 N. Y. 657).

In the *Simermeyer* case the opinion of the Appellate Division states that there was nothing to show affirmatively that the respondents considered the record of the relator in. determining his guilt or innocence. (2 App. Div. 499.)

In the *Strauss* case the opinion of the Appellate Division states that from what appears in the return it is fair to assume that the record was considered only on the question of punishment. (2 App. Div. 544.)

The order of the Appellate Division should be reversed, with costs, and the proceedings of the respondents vacated.

Parker, Ch. J., Vann and Werner, JJ., concur with Haight, J.; Landon and Cullen, JJ., concur with Bartlett, J.

Order affirmed.