(78 App. Div. 432.)

PEOPLE ex rel. REGAN v. YORK et al., Police Com'rs.

(Supreme Court, Appellate Division, First Department. January 23, 1903.)

1. CERTIORARI—POLICE COMMISSIONERS—REVIEW OF PROCEEDINGS—RETURN—
      SUBSEQUENT RETURN.
         Code Civ. Proc. § 2135, relative to certiorari to review proceedings of inferior tribunals, enacts that, if a return is defective, the court may direct a further return; and section 2136 provides that certiorari may issue to, and a return may be made by, an officer whose term of office has expired. Greater New York Charter, § 1546, requires that in every department or board there shall be kept a record of all its transactions. Section 1543 requires that, in every case of removal of an employé of the city, the grounds therefor shall be entered on the records, and a statement showing the reasons filed. Section 300 provides that the police board shall make rules for the regulation of the department, and that no member of the force shall be removed without written charges, heard and investigated. Rule 28, par. "m," provides that testimony shall be taken on oath, and reduced to writing. Greater New York Charter, § 298, provides that a certified copy of the minutes or of any order or resolution of the police board shall be competent evidence. On certiorari to review the action of the board of police commissioners in removing relator from his position of patrolman, the return showed that at the close of the evidence the commissioners made an official record in writing, as required, reciting that the removal was made on the evidence, and the return did not show that the record of the relator was considered. Held, that as a consideration of relator's record on the question of his guilt would have rendered the removal proceedings invalid,

and as such consideration was not shown by the record of the commissioners made pursuant to law, it could not be shown by an amended return made by three of them a year and a half later, and when their term of office had expired.

Appeal from special term, New York county.

Certiorari by the people, on the relation of James Regan, against Bernard J. York and others, police commissioners of the city of New York, to review their action in removing relator from the position of patrolman. From a judgment dismissing the writ, relator appeals. Affirmed.

Hearing on a writ of certiorari to review the action of the police commissioners in removing the relator from the position of patrolman, and the return thereto. The relator was appointed patrolman on probation on the 2d day of April, 1889, and the appointment was made permanent on the 4th day of May, 1889. On the 19th day of September of the same year charges against the relator were preferred by an inspector, and approved and filed on the 22d of the same month. He was charged with conduct unbecoming an officer, and the specification of the charges shows an illegal arrest and an unwarranted assault upon the prisoner on the 1st day of June, 1899. The charges and specifications were duly served, and the trial of the relator thereon was begun on the 12th day of October, 1899. The relator was dismissed on the 2d day of April, 1900, after the conclusion of the hearing on said charges. The petition for the writ was filed on the 9th day of April, 1900. The only error assigned in the petition is that there was no legal or competent evidence adduced to prove the guilt of the relator. The writ was allowed on the 16th day of April, 1900, and a return thereto was made in behalf of the commissioners by the president of the board on the 12th day of September, 1900. Annexed to the return in obedience to the writ was a copy of the charges (Schedule A); a copy of the notice thereof (Schedule B); a copy of the proceedings upon the trial, including the evidence, and also a statement of the relator's record while on the force (Schedule C); a copy of the order or record of removal (Schedule D); and a copy of the rules of the department relating to the duties of the members of the force, and to the hearing of charges against them (Schedule E). The return, after reciting the proceedings relating to the trial, contains the statement "that at the termination of the said trial or hearing, the said charges and specifications, the proceedings, and the relator's record was duly considered by your respondents at a regular meeting of the board of police held on the 2d day of April, 1900; and, after due consideration thereof, your respondents determined, after the exercise of their best judgment and discretion, that the relator was guilty as charged, and they thereupon passed a resolution (a copy whereof is hereto annexed, and made a part hereof, and marked 'Schedule D') declaring, ordering, and adjudging that the said charges were true, and dismissing the relator from the police force of the police department of the city of New York." The relator, without taking any action to compel a further return, or bringing the proceeding to a hearing, for a year and a half, subsequently made an application at special term to compel the filing of a further return, setting forth "fully and clearly" the fact whether the relator's previous record was or was not considered in determining the question of his guilt, or merely in determining the degree of punishment. In the meantime the commissioners had all gone out of office. The motion was opposed by the corporation counsel, but it was granted. Three of the ex-commissioners filed what purported to be an amended return, stating that they had considered the relator's record both on the question of his guilt and on the question of punishment. Another purported return was filed by the ex-president of the board, who, for the board, had filed the original return, in which he states that the record of the relator was only considered in determining the punishment, and that it was not intended by the original return to certify that it was considered on the question of guilt; that it was the invariable custom, in cases of dismissal from the force, to submit the

testimony to him after the examination, as president of the board, for the purpose of determining its sufficiency to justify and sustain a conviction; and that he never permitted himself to be influenced in such determination by the record of the accused.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Louis J. Grant, for appellant.
Terence Farley, for respondents.

LAUGHLIN, J. The order of removal recites the proceedings on the trial, making no reference to the record of the relator; that the trial was before one of the commissioners, "and the proofs and allegations in relation to said charges have been duly taken and recorded as required by law, and the said rules and regulations, and the determination of said charges being referred to the police board, and the same being now before the police board, * * * the same having been referred to the board for decision, upon due consideration the board do adjudge the said patrolman, James Regan, to be guilty of the charge, and do convict him thereof; and upon such conviction the board do adjudge and determine that he, the said patrolman, James Regan, he dismissed from the police force of the police department of the city of New York." The original return is in the same form as that in People v. Roosevelt, 168 N. Y. 488, 61 N. E. 783, where it was held that the return was ambiguous, but when supplemented by the order of removal, which was similar to the order in the case at bar, it was clear that the relator's record was considered only in determining the punishment to be inflicted. The rule stated in former decisions (People v. Same, 2 App. Div. 498, 37 N. Y. Supp. 1083; People v. French, 119 N. Y. 505, 23 N. E. 1061), was there reiterated, however,—that the record of the relator was incompetent on the question of guilt, but might be considered on the question of punishment. In a proper case an amended or further return is authorized. Code Civ. Proc. §§ 2135, 2136; People v. Roosevelt, 2 App. Div. 498, 37 N. Y. Supp. 1083. But in the case at bar, if the amended return were considered, not only would the commissioners be permitted to impeach the record of their own official proceedings, but this very long after all official responsibility has terminated, and they have gone out of office and become private citizens. Section 1546 of the Greater New York charter (chapter 378, Laws 1897) requires that "in every department or board there shall be kept a record of all its transactions"; and section 1543 of the charter requires that "in every case of a removal, the true grounds thereof shall be forthwith entered upon the records of the department or board. In case of removal a statement showing the reason therefor shall be filed in the department." Section 300 of the charter authorizes the police commissioners "to adopt rules and regulations for the examination, hearing, investigation and determination of charges made or preferred against any member or members of the said police board, but no member or members of the police force except as otherwise provided in this chapter shall be fined, reprimanded, removed, suspended or dismissed

from the police force until written charges shall have been made or preferred against him or them, nor until such charges have been examined, heard and investigated before the police commissioner or one of his deputies" upon notice. Rule 28, par. "m," provides that the testimony offered for or against the accused shall be taken on oath, except where he admits his guilt, and the substance thereof shall be reduced to writing by the stenographer under the direction of the commissioner or commissioners hearing the case. Section 298 of the charter provides that a certified copy of the minutes or of any order or resolution of the police board shall be competent evidence, the same as the original.

It thus appears that at the close of the evidence the commissioners made an official record or order in writing, as required by law, in which it is recited that the removal was made upon the evidence, and from which it does not appear that the record of the relator was considered. It is now sought to impeach this record by the amended return. The general rule is that, where records of a board or body are required by law to be kept in writing, they are conclusive, so long as they stand unamended. People v. Zeyst, 23 N. Y. 140; Halleck v. Boylston, 117 Mass. 469; Sawyer v. Railroad Co., 62 N. H. 135, 13 Am. St. Rep. 541. It is unnecessary to determine definitely now whether this record is of such a character that it could not be impeached by a return of the board made pursuant to an assignment of error in that regard in the petition, while its members remained the same, or by a return of members remaining in office. Here no error of this character was assigned in the petition, and the members of the board have ceased to be officials. The amended return was not required for the purpose of making the original return complete with reference to any matters of error assigned in the petition, nor is it confined to requiring the ex-officials to return their complete proceedings. Their official records and proceedings had all been returned. The amended return relates exclusively to matters not of record, and involving the operation of the minds of the commissioners. By analogy, the rule preventing the use of affidavits of jurors to impeach their verdict should be applied. Jurors, after they have been disbanded, and their official responsibility concerning a case has terminated, are not permitted to show that in arriving at their verdict they considered matters not properly before them as evidence. So we think here that these ex-officials cannot be permitted to show that they considered the record of the relator, which would invalidate their proceedings, when that fact is not disclosed by their official proceedings recorded pursuant to the mandate of the statute. Therefore, without deciding any other question, we are of opinion that the amended returns should not be considered. The guilt of the relator was clearly established by the testimony adduced upon his trial. Consequently his removal was warranted. No other question requires special consideration.

It follows that the proceedings should be affirmed, and the writ dismissed, with $50 costs and disbursements. All concur.