BION H. HOWARD, Plaintiff, *v.* TOWN OF BRIGHTON and A. EMERSON BABCOCK, as Supervisor Thereof, Defendants.

Supreme Court, Monroe County, September 26, 1931.

*Webster & Smith*, for the plaintiff.

*Harris, Beach, Folger, Bacon & Keating* [*Kenneth Keating* of counsel], for the defendants.

GILLETTE, J. This is an action for a declaratory judgment determining that a certain note for $4,000, dated December 6, 1927, given to the Central Trust Company of Rochester, N. Y., and signed " Town of Brighton by Bion H. Howard, Sup.," payable in six months, and given pursuant to a resolution of the town board of the town of Brighton, which money was used for highway purposes of the said town, is the legal debt of the town of Brighton, and that the supervisor of said town be directed to pay the same, with interest.

The contention of the defendants is that it does not appear from the town clerk's minutes that any action was ever taken on the resolution to raise this money, and that the oral evidence received on this subject was not competent, and that the plaintiff has not alleged or proved that this claim was ever presented to the town board for audit, and that an action for a declaratory judgment does not lie under the facts presented here, and that the note in suit is not a legal or binding obligation on the town of Brighton, and that it had been rejected by the State Comptroller, and that the only relief for the plaintiff is through an enabling act of the State Legislature; and the defendants moved to dismiss the complaint on the ground that the plaintiff has failed to prove facts sufficient to constitute a cause of action.

The court is thoroughly impressed with the *bona fides* of the whole situation, in so far as the plaintiff is concerned; the resolution to raise the money was passed by the town board in good faith although the town clerk inadvertently failed to record in his minutes the action taken and it was not competent under the authorities of this State to prove the action taken by oral, extrinsic evidence, and parol evidence is not competent to add to or supply defects or omissions or explain ambiguities in the official record of the town board. (See McQuillin Mun. Corp. [2d ed.] § 905; *People ex rel. Burr* v. *Zeyst*, 23 N. Y. 140; *Pierce* v. *Wright*, 45 How. Pr. 1; *People ex rel. Regan* v. *York*, 78 App. Div. 432; *Pooley* v. *City of Buffalo*, 15 Misc. 240; *Casler* v. *Tanzer*, 134 id. 48, and the early much cited case of *Taylor* v. *Henry*, 2 Pick. 397.) So the oral proof as to the passage of this resolution received on the trial under objection and exception was improperly received and was incompetent and should be stricken out.

Moreover, this money was raised in good faith and honestly used by the plaintiff for necessary highway purposes of said town, and the court would very much like to sustain the contention of the plaintiff could it find any legal authority so to do.

The claim was never presented to the town board for audit and rejected prior to suit as required by law. We are not unmindful of what counsel for plaintiff says in regard to this being an idle ceremony to ask them to audit a claim for a debt which they had created, but the statute has created a board of town auditors to examine and decide upon claims made and presented against a town, which is a statutory tribunal or court, and as a general rule no claim against a town is obligatory upon or enforcible against the town until it has been audited, examined and allowed. Its jurisdiction is original and conclusive until brought under review in another court in the manner prescribed by law. (Town Law,

§ 133; *People ex rel. Myers* v. *Barnes*, 114 N. Y. 317, at p. 323; *Osterhoudt* v. *Rigney*, 98 id. 222, 234; *People ex rel. Everett* v. *Board of Supervisors of Ulster County*, 93 id. 397, 403; *People ex rel. Van Keuren* v. *Board of Town Auditors*, 74 id. 310; *People ex rel. McCabe* v. *Matthies*, 179 id. 242.)

So the law is well settled that an action will not lie against a town until the claim upon which the action is founded has been presented to the town board for audit.

Moreover, this is not an action included in the provisions of section 11 of the Town Law, entitled " Action and Proceeding by and against Town," and section 170 of the Town Law, which deals with town charges generally, does not include such a claim as is here presented.

So an action at law not being the appropriate remedy for the plaintiff to seek redress, we think that an action pursuant to section 473 of the Civil Practice Act for a declaratory judgment of the plaintiff's rights, was his appropriate action. (*Post* v. *Metropolitan Casualty Ins. Co.*, [1929] 227 App. Div. 156.)

The State Comptroller in an examination of the accounts of the town of Brighton, reported May 4, 1928, at page 32, holds, among other things, in substance, that this money was raised to take care of an overdraft in the highway fund and that no legal authority for this loan can be found as it was not made in compliance with sections 95 or 96 of the Highway Law, and that no resolution of the board of supervisors pursuant to section 320-a of the Highway Law, directing the town to borrow money for the purposes provided in said section, was found, and that no provision was made for the payment of this loan in the 1927 tax levy, and that the courts of this State hold that a town has no general power to borrow money, and that a town is not liable for money borrowed on its credit simply because it has been used for town purposes, unless authorized by some statute, and that this note is not a legal debt of the town of Brighton.

Moreover, this money was concededly raised for highway purposes, and we can find no statutory authority for the borrowing of this money in the manner in which it was borrowed for highway purposes, and the town had no inherent power to borrow this money in a manner not provided by statute; therefore, this note had no legal inception. There was no shortage at the time in the general town fund, but there was an overdraft in the highway fund, and the money derived from the loan was placed in the highway fund and it is no concern of ours in this case whether this money could have been borrowed for general town purposes on the general town credit.

Towns are organized for governmental purposes and their powers are limited and defined by the statutes under which they are constituted, and they possess only such powers as are expressly conferred or necessarily implied. (*Wells* v. *Town of Salina*, 119 N. Y. 280, at p. 287.)

Therefore, the plaintiff having failed to show an essential requisite to form the basis for the imposition of liability on the town of Brighton, that is to say, some statutory authority for the creation of this alleged loan and some action by the town board in strict compliance and conformity therewith, he cannot prevail in this action.

However, inasmuch as the town board and the supervisor, the plaintiff herein, acted in perfectly good faith, although under a misapprehension of their legal powers, and the money was honestly expended for necessary highway purposes of said town, it is earnestly suggested and recommended by the court that all of the town officers of the town of Brighton lay aside any and all prejudice or partisanship, if any such exist, and unite in a sincere and serious application to their representatives in the State Legislature to have a validating or enabling act passed, legalizing the acts of the plaintiff and the town board of Brighton in this matter, in which application the court will gladly co-operate.

Therefore, the motion made by the defendants' counsel, upon which decision was reserved, to dismiss the complaint on the ground that the plaintiff has failed to prove facts sufficient to constitute a cause of action, is granted, with costs, and the prayer of the plaintiff's complaint is denied, and to all rulings adverse to the plaintiff, he is granted an exception.

Let appropriate findings of fact and conclusions of law be submitted and a judgment be entered in accordance herewith.