■ Martin L. Hubbard, as Mayor of the Village of Skaneateles, et al., Respondents, v Onondaga County Department of Health et al., Appellants. [632 NYS2d 370] —Judgment unanimously reversed on the law with costs, injunction vacated and judgment granted in accordance with the following Memorandum: In this action for a declaratory judgment, Supreme Court should have admitted the extrinsic evidence offered to prove that the Town Board of the Town of Skaneateles (Town Board) had passed a resolution that was inadvertently omitted by the Town Clerk from the minutes of the Town Board meeting.

Plaintiffs do not dispute that, absent the omission, the Town Board minutes would have shown that a resolution was passed on March 21, 1988, authorizing the Town Supervisor to sign a contract between the Village of Skaneateles (Village) and the Town of Skaneateles (Town). The contract, executed by the then Village Mayor on March 16, 1988 and by the then Town Supervisor on March 21, 1988, permitted the Town to connect an extension from its Sewer District 2 (Extension District) to the Village sewer system, and further provided that the Village would treat and dispose of sewage from the parcels in the Extension District. In 1989 the Extension District was connected to the Village sewer system. In 1993, however, the Village denied the Town's request for permission to connect a proposed supermarket to be built by defendant Great American Victory Markets, Inc. (Great American) on land owned by defendant Victor Ianno (Ianno) in the Extension District. Thereafter, the Village commenced this declaratory judgment action alleging, *inter alia,* that the contract was not validly adopted by the Town pursuant to Town Law § 64 because of the absence of a resolution in the minutes of the Town Board meeting of March 21, 1988 authorizing execution of the contract.

After a bench trial, the court ruled that extrinsic evidence was inadmissible to show the passage of the resolution and concluded that no contract existed. The proof proffered by the

Town would have established that the Town Board passed the resolution at its March 21, 1988 meeting authorizing the contract with the Village. The court granted judgment to the Village declaring that additional connections to the Village sewer system from the Extension District could be made only with Village approval, and permanently enjoining Ianno and Great American from connecting the proposed supermarket to the Extension District. We reverse.

Ordinarily, extrinsic evidence is inadmissible to contradict, supplement, add to or explain municipal records, including the minutes of a town board meeting *(see, Matter of Sloane v Walsh,* 245 NY 208, 214; *People ex rel. Barr v Zeyst,* 23 NY 140; *Loos v City of New York,* 257 App Div 219, 223; *People ex rel. Lynch v Pierce,* 149 App Div 286, 288-289; *People ex rel. Regan v York,* 78 App Div 432, 435-436, *affd* 174 NY 533; 5 McQuillin, Municipal Corporations § 14.07, at 17-18 [3d ed 1988]; 6 McQuillin, *id.,* § 22.42, at 491-493). Extrinsic evidence was admissible, however, to prove that the action taken at the Town Board meeting was not recorded in the minutes of the meeting because of the inadvertence of the Town Clerk *(see, Parr v President of Vil. of Greenbush,* 72 NY 463, 466-468; 5 McQuillin, *op. cit.,* § 14.08, at 21-22; *see also, Northern Operating Corp. v Town of Ramapo,* 26 NY2d 404, 408). The cases relied on by the court involved situations in which extrinsic evidence was offered to contradict or add to recorded municipal action or in which there was a dispute whether an unrecorded resolution was actually approved. There is no such dispute here. We reject the reasoning in *Howard v Town of Brighton* (143 Misc 265) to the extent that it is inconsistent with our decision.

Although Town Law § 30 (1) requires town clerks to "keep a complete and accurate record of the proceedings" of town board meetings, the contention of the Village that the contract is invalid because the resolution was not recorded is without merit *(see, Parr v President of Vil. of Greenbush, supra,* at 466). The validity of an otherwise valid contract does not depend upon a resolution being recorded in the minutes. Town Law § 64 (6) provides only that contracts "shall be executed by the supervisor in the name of the town after approval by the town board" *(see, New York Tel. Co. v Town of N. Hempstead,* 41 NY2d 691, 695-696).

The judgment is, therefore, reversed and judgment is granted in favor of the Town Board, Victor Ianno and Great American declaring that a valid enforceable contract exists between the Town and the Village authorizing additional connections, including the proposed supermarket of Great American, to be

made from the Extension District to the Village sewer system without Village approval; that the resolution of the Town Board, dated September 10, 1993, with respect to the right of Great American to connect to the Village sewer system has legal force and effect; and that the sanitary sewer permit issued by defendant Onondaga County Department of Health has legal force and effect. Further, the injunction enjoining Great American and Ianno from connecting the proposed supermarket to the Extension District or to the Village sewer system except upon the agreement of the Village is vacated. (Appeals from Judgment of Supreme Court, Onondaga County, Hurlbutt, J.—Declaratory Judgment.) Present—Denman, P. J., Lawton, Fallon, Balio and Boehm, JJ.