The People ex rel., Nicholas Haughton et al., Appellants, *v.* William S. Andrews et al., Respondents.

The office of commissioners of excise, is within the purview of the act "to center responsibility in the municipal government of the city of New York" (Chap. 43, Laws of 1884); and where an appointment to that office was made by the mayor after said act went into effect (January 1, 188 5) *Held,* that a confirmation by the common council was not required to entitle the appointee to the office.

(Argued February 9, 1887 ; decided March 1, 1887.)

Appeal from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made the first Monday of October, 1886, which directed judgment in favor of the defendants upon a case submitted under section 1279 of the Code of Civil Procedure

The facts agreed upon are set forth in substance in· the opinion.

*A. J. Dittenhoefer* for appellants. Commissioners of excise are State and not municipal officers. (Laws of 1870, chap. 175; Laws of 1874, chap. 444; Laws of 1855, chap. 231; Laws of 1857, chap. 628; Laws of 1873, chap. 149; Laws of 1874, chap. 444; Laws of 1882, chap. 126; Laws of 1883, chap. 340; Laws of 1886, chap. 496; Cooley on Const. Lim. chap. 16, § 575; 2 Dillon on Munic. Corp. § 772; *Russell* v. *Mayor, etc.*, 2 Den. 464; *N. Y. & B. S. M. Co.* v. *City of Brooklyn*, 71 N. Y. 580; 8 Hun, 37; *Landon* v. *Mayor, etc.*, 39 Supr. Ct. 467; *People ex rel. Stiner* v. *Morrison*, 78 N. Y. 84; *Quinn* v. *Mayor, etc.*, 44 How. Pr. 266; *Dannat* v. *Mayor, etc.*, 6 Hun, 91; *Ham* v. *Mayor, etc.*, 37 Super. 458, 468; *Whitmore* v. *Mayor, etc.*, 67 N. Y. 21; *Connor* v. *Mayor, etc.*, 17 Hun, 439; *Tone* v. *Mayor, etc.*, 70 N. Y. 157; *Heizer* v. *Mayor, etc.*, 29 Hun; 446; *Terhune* v. *Mayor, etc.*, 88 N. Y. 247–251; *Gardiner* v. *B'd of Health*, 10 id. 409; *People* v. *Town Auditors*, 74 id. 315; *Horton* v. *Thompson*, 71 id. 513, 524; *Mayor, etc.*, v. *Buel*, 12 Daly, 494; *Smith* v. *People*, 47 N. Y. 330, 339.) Being State officers their appointment is not included in or governed by the act of 1884. (*Ex parte Heath*, 3 Hill, 42, 52; *Whitmore* v. *Mayor, etc.*, 67 N. Y. 22; *Landon* v. *Mayor, etc.*, 49 How. 218; 39 Super. 467; 67 N. Y. 22; *Jarvis* v. *Mayor, etc.*, 49 How. 354; *People ex rel. Taylor* v. *Dunlap*, 66 N. Y. 162, 166; 67 N. Y. 93.) As the act of 1884 is a local special law, not repealing in express terms the act of 1870, and as both acts can consistently co-exist, the later is not impliedly repealed by the former. (*McKenna* v. *Edmundstone*, 91 N. Y. 231; *Whipple* v. *Christian*, 80 id. 523; *In re Ever-greens*, 47 id. 216; *Bowen* v *Lease*, 5 Hill, 225; *Van Den-burgh* v. *Village of Greenbush*, 66 N. Y. 1; *People ex rel. Stiner*, v. *Morrison*, *supra*; Laws of 1870, chap. 175, §§ 2, 6; *Perkins* v. *Hill*, 56 N. Y. 90.) As the act of 1884 relates only to appointments made by the mayor, it does not apply

to excise commissioners. (1 Bouvier's Law Dict. 109 ; 2 id. 232 ; *People ex rel. Babcock* v. *Murray*, 70 N. Y. 521, 526 ; *People ex rel. Kressner* v. *Fitzsimmons*, 68 id. 514.)

*Charles W. Dayton* for respondents. The power to appoint commissioners of excise is purely local, and the claim that they are State officers does not affect the issue. (Laws of 1857, chap. 628 ; Laws of 1870, chap. 175, § 2 ; Laws of 1873, chap. 549 ; Laws of 1882, chap. 410 ; *Bd. of Excise* v. *Garlinghouse*, 45 N. Y. 249, 251 ; *People* v. *Smith*, 69 id. 175, 181.) The act of 1884 (Chap. 43) is not unconstitutional. (*Bd. of Water Com'rs* v. *Dwight*, 101 N. Y. 9 ; *Neuendorff* v. *Duryea*, 69 id. 557.) A statute can be repealed only by an express provision of a subsequent law, or by necessary implication. To repeal a statute by implication there must be such a positive repugnancy between the provisions of the new law and the old that they cannot stand together or be consistently reconciled. (Potter's Dwarris on Statutes, 155, 156.) The legislature could abolish the office of excise commissioners, or change their character from State to city officers, and provide for a different mode of appointment. (*People ex rel. Taylor* v. *Dunlap*, 66 N. Y. 166, 167, 168 ; *People* v. *Pinckney*, 32 id. 377 ; *Ham* v. *Mayor, etc.*, 70 id. 463.) The statute of 1884 was, in fact, not an amendment and repeal of the excise law of 1870, but an amendment of a local law and an amendment of the charter, as to the manner of the appointment of these officers, which the legislature had already declared it might regulate. This certainly was within the power of the legislature. (*People* v. *Petrea*, 92 N. Y. 141 ; *In re Mayor, etc., of N. Y.*, 99 id. 569 ; *Bd. of Water Com'rs* v. *Dwight*, 3 East. R. 209 ; *Gere* v. *Whitlock*, 92 N. Y. 191 ; *Kerrigan* v. *Force*, 68 id. 384 ; *People* v. *Fitzsimmons*, id. 514 ; *People ex rel Kelley* v. *Common Council*, 77 id. 508 , *Landers* v. *F. St. M. C. of Rochester*, 97 id. 124 ; *People* v. *Gold and Stock Tel. Co.*, 98 id. 67 ; *People ex rel Wood* v. *Lacomb*, 99 id. 51.

Danforth, J.  Upon a case submitted under section 1279 of the Code of Civil Procedure, it appeared that the relators Nicholas Haughton and John J. Morris, and one William P. Mitchell, were nominated to the board of aldermen of the city of New York, as commissioners of excise in the city of New York, by the mayor of that city, prior to the 1st day of May, 1883, pursuant to chapter 175 of the Laws of 1870, and the nominations duly confirmed by its board of aldermen; that the relators severally took the oath of office and duly qualified as such commissioners of excise, and entered upon the discharge of their duties as such.  That their term of office was to be three years from the 1st day of May, 1883, and to continue until others should be appointed in their places.  That on the 1st day of May, 1886, the mayor of the city of New York named the defendants and respondents, William S. Andrews, John Von Glahn and Charles H. Wood-man, to be commissioners of excise in the city of New York, by written appointment as follows:

" Mayor's Office,
" New York, *May* 1, 1886.

" Under and in pursuance of section 109, chapter 410 of the Laws of 1882, and of chapter 43 of the Laws 1884, I hereby appoint John Von Glahn a commissioner of excise in the city of New York for the term of three years from May 1st, 1886, in place of John J. Morris, whose term of office has expired.

[L. s.]
"W. R. GRACE,
"*Mayor.*"

And in the same words each of the others.

That neither of the said several appointments of the defendants and respondents, made on the 1st day of May, 1886, have been submitted to, nor have such nominations, or any or either of them been confirmed by the board of alder men of the city of New York.

That they have respectively taken the oath of office as such commissioner of excise, and are performing the duties of

commissioners of excise, and claim to be regularly in office, without confirmation by the board of aldermen of said city.

The question submitted to the court was :

Are the defendants and respondents the legal successors in office of the relators?

We are of opinion that they are. It is declared by statute (Chap. 43, Laws of 1884, § 1), that, "all appointments to office in the city of New York, now" (March 17, 1884), "made by the mayor and confirmed by the board of aldermen, shall after that time be made by the mayor without such confirmation," and by section 2, that the act shall take effect January 1, 1885. The relators were appointed under the act of 1870 (*supra*), upon nomination by the mayor and confirmation by the board of aldermen. Except for the subsequent act of 1884 (*supra*), their successors would have been appointed in the same way. The act of 1884 works a change in the manner of appointment, and has been complied with. It is really difficult to find an argument to make clearer the proposition that they are the legal successors in office of the relators. It is argued to the contrary that "excise commissioners are State and not municipal officers." Concede that to be so. Prior to 1884, the power to appoint was local, and the relators took office under a statute which vested the appointing power in the mayor and aldermen. For every act done by them in an official capacity, they must have justified under a commission derived from that source, and in answer to a *quo warranto*, could have shown no other title to office. No doubt their duties affect the general public, but they are to be performed within the same limits as those which confine the municipality, the moneys collected through them are to be paid into the city treasury for the benefit of the city and as its property. At one time they were applied in payment of the city debt (Chap. 549, Laws of 1873), and afterwards given to benevolent institutions, under appropriations made by the board of estimate and apportionment of the city (Laws of 1874, chap. 642). The salaries of the commissioners were by the act of 1870 (Chap. 175), to be fixed by the mayor and common council, and paid as those of

other city officers are paid, and by the act of 1873 (*supra*), the alaries of the commissioners as well as the hire of theirs employes and the other necessary expenses of the board, were fixed by the board of estimate and apportionment of the city and paid by its comptroller.

While, therefore, they may be in one sense, and that a technical one, State officers, their dependence upon the city and its municipal government is manifest, and we see no reason to suppose they are not within the purview of the statute under which the defendants were appointed. (Laws of 1884, *supra*.) They are within its letter, and the body of the act is not restrained by its title. It is "An act to center responsibility in the municipal government of the city of New York."

It expresses an intent to bestow upon one person greater power, and to relieve all others of a divided responsibility, and this intent was effected by giving to the executive head of the municipality the sole power of appointment, thus making him individually responsible for its proper exercise. The title and body of the act concur, and the parties to this controversy are so obviously within its condition that we find no objection of the appellants to be well founded.

The judgment appealed from should, therefore, be affirmed.

All concur.

Judgment affirmed.