The People of the State of New York ex rel. George W. Bush et al., Appellants, v. Byron D. Houghton et al., Respondents.

1. Appeal — When Exception Raises Constitutional Question Below. An objection by the appellants that the constitutionality of a statute under which they claim office cannot be attacked for the first time on appeal to the Court of Appeals is without force, where an exception was taken to the decision of the trial judge that they were lawfully appointed, and the constitutional question was the only one discussed in the opinion of the Appellate Division.

2. Oswego, (City of) — Member of Municipal Board of Health Is a City Officer — Vacancy in Office Must Be Filled by City Authorities — Const. Art. 10, § 2. That part of the Public Health Law (L. 1893, ch. 661, § 20) directing a county judge to fill a vacancy occurring in a city board of health which has continued for thirty days so far as it relates to filling a vacancy occurring in the board of health of the city of Oswego, is unconstitutional, in that members of that board, are city officers, within the meaning of section 2, article 10 of the Constitution, and are particularly described as such in the charter and therefore must be appointed as designated therein.

*People ex rel. Bush* v. *Houghton*, 102 App. Div. 209, affirmed.

(Argued June 8, 1905; decided June 16, 1905.)

Appeal from a judgment, entered March 14, 1905, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, which reversed a judgment of Special Term ousting the defendants from the office of members of the board of health of the city of Oswego and directed that the complaint be dismissed.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Julius M. Mayer, Attorney-General (Elisha B. Powell* of counsel), for appellants. The defendants did not raise the constitutional question by the pleadings or upon the trial — hence waived it and cannot raise it here. (*Snider v. Snider,* 160 N. Y. 155; *Vose v. Cockroft,* 44 N. Y. 415; *Dodge v. Cornelius,* 168 N. Y. 245; *Matter of Andrews,* 178 N. Y. 420.) A member of the board of health is not a city officer within the meaning of section 2 of article 10 of the Constitution. (*Bamber v. City of Rochester,* 63 How. Pr. 103; *Maximilian v. Mayor, etc.,* 62 N. Y. 160; 2 Dillon on Mun. Corp. § 772; *Groves v. City of Rochester,* 39 Hun, 9; *Ham v. Mayor, etc.,* 70 N. Y. 459; *Greaton v. Grippin,* 4 Abb. [N. S.] 310; *People ex rel. Simpson v. Wells,* 181 N. Y. 257.) The office of member of the board of health of the city of Oswego was created by law after the adoption of the Constitution in 1846 and may, therefore, be filled as the legislature may direct. (L. 1848, ch. 116; L. 1895, ch. 394; *People v. Draper,* 15 N. Y. 532; *Bolton v. Albertson,* 55 N. Y. 56; *Fire Dept. v. A. S. S. Co.,* 106 N. Y. 566.)

*George N. Burt* and *John Tiernan* for respondents. The constitutional question involved here has been at issue at all stages of this action, and also in the preliminary proceeding for leave to commence this action. (*M. Nat. Bank v. Shinn,* 163 N. Y. 363.) Members of the board of health of the city of Oswego are city officers within the meaning of section 2, article 10 of the Constitution. (L. 1848, ch. 116, § 9; L. 1860, ch. 463, tit. 2, § 1; L. 1895, ch. 394.) Even without these express declarations and provisions of the Oswego city charter, members of the board of health are city officers within the meaning of section 2, article 10 of the State Constitution. (43 App. Div. 236; 21 Hun, 130.)

Gray, J. The attorney-general of the state brought this action, upon the relation of the appellants to oust the respondents from their offices as members of the local board of health of the city of Oswego, upon the allegation that the latter had

" unlawfully intruded " into the said offices and have unlaw-
fully held and exercised the same.    The answer of the
defendants denied this allegation and denied that the com-
plainants were ever duly or legally appointed members of
the local board of health of the city.    The court, at Special
Term, directed judgment against the defendants; but, on
appeal to the Appellate Division, in the fourth department,
the judgment so directed was reversed and the complaint was
dismissed upon the merits.    In the opinion, which accompanied
the decision of the Appellate Division, the ground taken was
that the appointment of the complainants in the action was
illegal and in violation of section 2, article 10 of the Consti-
tution.    The complainants, further, appealed to this court
from the determination of the Appellate Division and have
presented, in their counsel's brief and in his argument, only
the constitutional question.    They, however, premise the dis-
cussion by the objection that the defendants, not having raised
the constitutional question by the pleadings, or upon the trial,
cannot raise it in this court.    The defendants insist that that
question was at all times at issue.    The question of the valid-
ity of the appointment of the complainants turned upon the
application of the provisions of section 2, article 10 of the
State Constitution and of those of the Public Health Law,
under which the appointment in question had been made.
It appears from the decision of the attorney-general, upon the
application for leave to commence the action, that the conten-
tion was there made on the part of the defendants that the
appointment was unconstitutional.    The conclusion of law in the
findings by the trial judge, that the complainants were lawfully
appointed members of the board of health of the city, was duly
excepted to, and, as I have before said, the constitutional ques-
tion was the only one discussed in the opinion of the Appellate
Division.    It is stated in that opinion that the contention of·
the defendants was that the appointment ·was in violation of
the State Constitution.    It is very clear that the situation is
not one where, as in *Dodge* v. *Cornelius*, (168 N. Y. 242), the
question was raised for the first time in this court, and, there-

fore, the defendants would be deemed to have waived the claim of unconstitutionality. The exception to the decision of the trial court, that the plaintiffs were lawfully appointed, covers the question sufficiently, and if authority were needed for this, I think it will be found in *Massachusetts National Bank* v. *Shinn*, (163 N. Y. 360); where, although not specifically mentioned, the constitutional question was deemed covered by an exception. Judge VANN, speaking for the court in that case, observed that "as it is covered by the exception to the report of the referee, though not specifically mentioned, and touches the settled policy of the state with reference to a subject of such importance as to be embedded in the Constitution, we think it our duty to decide it."

I think the question is properly before us and I pass to the merits of the appeal. It is sufficient to say of the facts of this case that in 1903, prior to the expiration of his term of office, the mayor of the city of Oswego nominated, among others, these two complainants to fill certain vacancies in the board of health of the city; which nomination the common council declined to confirm. Following the provision of section 20 of the Public Health Law, the mayor then notified the county judge of Oswego county of the existing vacancies and the latter appointed the complainants to fill them. The newly-elected mayor of the city, upon entering office in January, 1904, in a communication to the common council, nominated these two defendants, with others, to be members of the board of health in the place of the two complainants, upon the ground that he believed the prior appointment to have been illegal and of no effect. The common council confirmed his nominations and the defendants entered upon the duties of their office. The legal question is this: Was the office of member of the board of health of the city of Oswego a local one and was the incumbent a city officer, within the meaning of section 2, article 10, of the State Constitution? The provision of the State Constitution, so far as applicable, reads as follows: "All city, town and village officers, whose election or appointment is not provided

for by this Constitution, shall be elected by the electors of
such cities, towns and villages, or of some division thereof,
or appointed by such authorities thereof as the Legislature
shall designate for that purpose." The board of health is
created under the Public Health Law, (Laws 1893, Chap. 661),
and section 20 of the law provides that "there shall continue
to be local boards of health   *   *   *   in the several cities
*   *   *   of the State.   *   *   *   The board shall consist of
the mayor   *   *   *   and at least six other persons,   *   *   *
who shall be appointed by the common council, upon the
nomination of the mayor." The same section, further, pro-
vided that " If the proper authorities shall not fill any vacan-
cies occurring in any local board within thirty days after the
happening of such vacancy, the county judge of the county
shall appoint a competent person to fill the vacancy for the
unexpired term," etc. It would seem that the provision
for a local board of health in a city was sufficiently explicit
as to the municipal character of the office ; but it is argued,
in substance, that, because the common council has not
the power to control the members of the board in the
discharge of their duties, and because those duties do not
relate to the exercise of corporate powers, they are not
city officers. This argument is sought to be reinforced by
the proposition that the duties of such officers are public
in their nature and that they are not servants of the munici-
pal corporation, but of the general public. I do not consider
that this argument is quite sound. The members of the
board of health might well be public officers, in the sense
that their duties were rendered to the public under a gen-
eral law of the state, and yet they could be city officers
within the meaning of the Constitution. I think that the ques-
tion does not turn so much upon whether the officers are
the servants, or agents, of the city, as upon whether their
offices were created for the city, unconnected with any other
territory. The doctrine of the case of *People ex rel. Haugh-
ton* v. *Andrews*, (104 N. Y. 570), and, as well, that of *People
ex rel. Wood* v. *Draper*, (15 ib. 532, 539), may be, appropri-

20

ately, referred to. They are subserving the general public interest in promoting and maintaining sanitary conditions in the locality ; but they, equally, execute a corporate purpose of the municipal government; which, if it is not to be implied, is actually made a part of its charter by the laws. They are to be appointed under the statute, primarily, by the governing municipal authorities and the performance of their duties is confined territorially to the city. It seems to me that the situation was such as the People intended to be met, when establishing in the fundamental law of the state the principle of " home rule " for its political subdivisions. The appointment of the complainants by the county judge of the county was, of course, not an appointment by a municipal authority and it cannot be justified, unless the appointees are to be regarded as public officers, whose offices constitute no part of the city government. That they can be so viewed and that their appointment could validly be shifted from the mayor and common council of the city, in the event of unfilled vacancies in the board, upon a county officer I do not believe. Whatever doubt there might be with respect to a member of the board of health of the city being a city officer ought to disappear, when we notice the provisions of the charter of the city. The charter is found in chapter 394 of the Laws of 1895 and title II relates to " Officers of the City ; Their Election and Appointment." By section 4, it is provided that " The officers of the city shall be as follows : Elective officers — one mayor,  *  *  *  etc. ; appointive officers — a city chamberlain.  *  *  *  members of the board of health." By section 5, it is provided that " no person shall be eligible  *  *  *  to any office in and for the city of Oswego  *  *  *  unless  *  *  *  an elector and resident of said city  *  *  *  and no person shall be eligible to the office of mayor  *  *  *  member of the board of health  *  *  *  unless he is assessed upon the last preceding assessment-rolls of said city.  *  *  * " If a member of the board of health could not be regarded elsewhere in the state as a city officer, the legislature, which enacted the Public Health Law, under which his office is created, has, certainly,

made him a city officer of the city of Oswego. In view of what has been said, further discussion is needless and I advise the affirmance of the judgment appealed from, with costs.

Cullen, Ch. J., O'Brien, Bartlett, Haight, Vann and Werner, JJ., concur.

Judgment affirmed.