(128 App. Div. 717.)

## TOWNE v. PORTER, Health Com'r.

(Supreme Court, Appellate Division, Third Department. November 25, 1908.)

1. OFFICERS (§ 12*)—APPOINTMENT—TIME—ANTICIPATION OF VACANCY.

An appointment to office in anticipation of a vacancy therein is good only in case the appointing officer is still in office when the vacancy occurs, and hence if, after a village board of health nominated a health officer for a new term, a new board of health came into existence before the expiration of the prior term, the nomination of the old board was of no effect, and the new board had exclusive power to make the nomination.

[Ed. Note.—For other cases, see Officers, Cent. Dig. § 14; Dec. Dig. § 12.*]

2. HEALTH (§ 3*)—BOARDS—MEMBERSHIP—STATUTORY PROVISIONS.

Under Public Health Law (Laws 1893, p. 1501, c. 661) § 20, as amended by Laws 1907, p. 427, c. 225, providing that a village board of trustees may in its discretion, at the first meeting held after an annual election of the village, increase the membership of the village board of health, but not prescribing the method by which the increase may be made, a formal resolution of the board of trustees increasing the membership was not necessary, but any act showing that intention was sufficient, and hence an increase was effectively made by simply electing additional members.

[Ed. Note.—For other cases, see Health, Dec. Dig. § 3.*]

3. HEALTH (§ 3*)—"LOCAL OFFICERS"—POWER OF APPOINTMENT—CONSTITUTIONAL AND STATUTORY PROVISIONS.

Const. art. 10, § 2, provides that city, town, and village officers whose appointment is not provided for by the Constitution shall be elected by the electors of such cities, etc., or appointed by such authorities thereof as the Legislature shall designate. No provision for election or appointment of local health officers is provided for. Public Health Law (Laws 1893, p. 1501, c. 661) § 20, as amended by Laws 1907, p. 427, c. 225, provides that the state commissioner of health shall appoint a health officer for each municipality except cities on the nomination of the local board of health, devolves certain duties upon the commissioner respecting the competency and qualifications of applicants, and provides that there shall continue to be "local" health officers in the several villages, etc. Laws 1893, p. 1502, c. 661, § 21, as amended by Laws 1907, p. 267, c. 189, provides that every local board of health shall prescribe the duties and powers of the "local health" officer. *Held*, that municipal health officers are local officers within the Constitution, and the provision of the statute empowering the state commissioner to appoint them and pass on their competency and qualifications was violative of the Constitution; the right of appointment resting wholly in the local authorities.

[Ed. Note.—For other cases, see Health, Dec. Dig. § 3.*

For other definitions, see Words and Phrases, vol. 5, pp. 4213, 4214.]

Appeal from Special Term, Albany County.

Mandamus by George Scott Towne against Eugene H. Porter, as Commissioner of Health of the State of New York. From an order granting the writ, respondent appeals. Reversed, and writ quashed.

This is a proceeding to compel the defendant, as commissioner of health of the state, by mandamus, to approve the nomination of the relator as health officer of Saratoga Springs, and certify it to the state civil service commission for noncompetitive examination. The court at Special Term has directed the issuance of such writ, and from the order making such direction the defendant has appealed. The facts briefly stated are as follows: On April 19, 1904, one Dr. Moriarta was appointed health officer of the village of Saratoga Springs for the term of four years. That term expired April 19, 1908. By section 4 of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

village charter (chapter 220, p. 479, Laws 1866, as amended by chapter 247, p. 313, Laws 1895, § 2) members of the different municipal boards and commissions and such other officers as are provided for by law are made officers of the village. On April 1, 1908, the Saratoga board of health consisted of three members, Fitzpatrick, McCarthy, and Rourke. On that day at a special meeting of the board it nominated Dr. Moriarta for the position of health officer for another term of four years, and certified his nomination to the state commissioner of health. At a meeting of the board of trustees of the village held on April 6, 1908, which was the first meeting held after the annual election of the village in that year, three new members—Bloom, Connors, and Maines—were elected as members of the board of health, one in place of McCarthy whose term expired the next day. The effect of this election, if valid, was to increase the number of members of the board of health from three to five. On April 7 this new board of health nominated the relator, Dr. Towne, as health officer, and certified his nomination to the state commissioner. The two old members declined to vote, as they had previously voted for Dr. Moriarta. The nomination of Dr. Towne was certified to the defendant by the new board, but he refused to approve such nomination on the ground that he had already appointed Dr. Moriarta health officer for another term. This proceeding followed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Edgar T. Brackett, for appellant.

John A. Slade, for respondent.

CHESTER, J. The theory on which this writ has been issued is that the respondent performs under the law a ministerial duty with respect to the competency and qualifications of a local health officer, that the appointment of such officer is made by the local board of health, and that the act of the respondent in appointing Dr. Moriarta is void.

Of course, we cannot in this proceeding determine the validity or invalidity of the title of Dr. Moriarta to the office, as he is not a party. Nor is the proceeding instituted for that purpose. Yet the question of the right of the local board to proceed to the nomination of the relator Dr. Towne at the time it did is involved and indirectly included in that is the question of the validity or invalidity of the acts of the local board on April 1st in relation to Dr. Moriarta. The board of health on April 1, 1908, as then constituted, assumed to nominate Dr. Moriarta as health officer for another term of four years. At that time there was no vacancy in the office as the term he was then holding had not expired, and did not expire until April 19th. It was held in People v. Fitzgerald, 180 N. Y. 269, 73 N. E. 55, that an appointment to office in anticipation of a vacancy therein is good only in case the officer making the appointment is still in office when the vacancy occurs. If a new board of health came in existence on April 6th, that board therefore was exclusively vested with the power of nominating the health officer for the new term.

The respondent urges, however, that the number of the members of the board of health was not legally increased from three to five, and that as two, constituting a majority, of the old board, remained in office after the 7th day of April, the nomination of Dr. Moriarta, made on April 1st, was valid. The claim that the number of members of the board of health was not legally increased is based upon the

fact that no formal resolution was passed by the board of trustees of the village increasing the number, and that to simply go through the form of electing a sufficient number to make the membership consist of five instead of three was not effective to make a lawful increase in the membership. The statute authorizing the trustees to increase the number of members is section 20 of the public health law (Laws 1893, p. 1501, c. 661), as amended by chapter 225, p. 427, Laws 1907. That section does not prescribe the method by which the increase may be made, and therefore it seems plain that any act on the part of the board showing their intention to increase the number is sufficient. That intention was shown when they elected a sufficient number to increase the membership to five. If that reasoning is correct, it also does away with the claim of the respondent that, because two of the old members of the board were in favor of the nomination of Dr. Moriarta, his nomination was as effective made. on the 1st of April as if it had been made on the 7th. We think, therefore, there was nothing in the way to prevent the new board from nominating the relator as health officer on April 7th.

The important question presented for determination, however, is whether the respondent as commissioner of health of the state is charged with any duty under the law with respect to the appointment or qualifications of the health officer in question. Section 20 of the public health law (Laws 1893, p. 1501, c. 661), as last amended by Laws 1907, p. 427, c. 225, § 1, provides in part as follows:

"The state commissioner of health shall appoint for each municipality except in the cities of the state on the nomination of the local board of health, a competent physician, not a member of the local board of health, to be the health officer of the municipality. The term of office of the health officer shall be four years and he shall hold office until the appointment of his successor. If a local board of health fails to nominate a physician for appointment to the position of health officer within thirty days after the expiration of the term of office of the health officer, or if a vacancy in the office is not filled within thirty days, the state commissioner of health shall appoint a competent physician to the position, or, should a local board of health nominate a physician for appointment to the position of health officer, who, in the judgment of the state commissioner of health, is not properly qualified for appointment to the position, the state commissioner of health shall notify the local board of health of such fact, and thereupon such local board of health shall within thirty days from the date of such notice present to the state commissioner of health the name of another physician for appointment to the position of health officer, failing in which, the state commissioner of health shall appoint a physician to the position."

The constitutionality of the provision authorizing the state commissioner of health to appoint health officers in municipalities is challenged. This provision was inserted in said section 20 by the amendment thereto made in 1903. Chapter 383, p. 877, Laws 1903. Prior to that amendment, the section provided that the appointment should be made by the local board of health. See chapter 339, p. 902, Laws 1902. It is expressly provided in the statute that the office is local in character. In another provision of said section 20 it is provided that:

"There shall continue to be local boards of health and health officers in the several cities, villages and towns of the state."

In section 21 of the public health law (Laws 1893, p. 1502, c. 661, as amended by Laws 1907, p. 267, c. 189) it is provided that "every such local board shall prescribe the duties and powers of the local health officer."

It was held in Matter of Board of Health, 43 App. Div. 236, 60 N. Y. Supp. 27, that members of a board of health in a village were municipal officers, and it was stated that:

"While a board of health enforces state laws, it does so only within the political subdivision of the state for which it is appointed."

The Constitution, in section 2, of article 10, provides that:

"All city, town and village officers, whose election or appointment is not provided for by this Constitution, shall be elected by the electors of such cities, towns and villages, or of some division thereof, or appointed by such authorities thereof, as the Legislature shall designate for that purpose."

Neither the election nor appointment of health officers is provided for by the Constitution. The attempt in the provision quoted from the statute is to confer the appointment of these local officers upon a state officer. In People ex rel. Bush v. Houghton, 182 N. Y. 301, 74 N. E. 830, it was held that the members of the board of health of the city of Oswego were local officers within the meaning of the provision of the Constitution quoted, and must be appointed by the local authorities. The same principle applies here. The constitutional provision is clear and explicit, and, if heed was given to its mandate, it was not within the power of the Legislature to confer upon the state commissioner of health the power of appointment of these officers. If, as we have concluded, the provision of the statute authorizing the respondent to appoint local health officers is void, so also are the clauses contained in the paragraph above quoted from section 20 of the public health law devolving certain duties upon him with respect to the competency and qualifications of applicants for appointment, for these clauses were clearly inserted therein for the sole purpose of enabling him properly to exercise the power of appointment if he possessed it.

If these views are correct, the respondent has no duty under the law with respect to the appointment, competency, or qualifications of local health officers and therefore the writ in question was improperly granted.

The order should be reversed, with costs, and the writ quashed without costs. All concur.