THE PEOPLE OF THE STATE OF NEW YORK ex rel. FREDERICK P. VAN DENBERGH, Petitioner, *v.* TOWN BOARD OF THE TOWN OF COLONIE, ALBANY COUNTY, NEW YORK, Respondent.

Third Department, April 27, 1938.

*Henry J. Crawford,* for the petitioner.

*Wiswall, Walton, Wood & MacAffer* [*Frank L. Wiswall* of counsel; *Carl O. Olson* with him on the brief], for the respondent.

CRAPSER, J.    This is a proceeding by a writ of certiorari to review the action of the town auditors of the town of Colonie, Albany

county, N. Y., in passing upon the claims of the petitioner for the years 1932, 1933, 1934 and 1935, numbered as claims numbers 272, 273, 274 and 275, by which the petitioner, who was health officer of the town of Colonie, asserts claims against the town for attending conventions and for reporting communicable diseases. The claims were presented on April 9, 1936, and were finally audited on December 17, 1936.

The petitioner was a duly licensed physician and surgeon of the State of New York and was appointed on February 1, 1932, health officer of the town of Colonie, and immediately qualified and acted as such health officer of said town until February 7, 1936.

The town of Colonie on March 12, 1932, pursuant to the provisions of the then Town Law, by resolution becoming effective January 1, 1933, became a town operating on the budget plan or system as provided in said statute and it is the contention of the respondent that the salary of the petitioner as health officer covered all of the charges that he was entitled to make against the town for his services as health officer after January 1, 1933.

Section 27 of the Town Law provides: The town board of each town of the first class shall fix, from time to time, the salaries of all officers and employees of said town, whether elected or appointed, and determine when the same shall be payable. Such salaries shall be in lieu of all fees, charges or compensation for all services rendered to the town. And it further provides that no town officer or employee shall retain any fees or moneys received by him in connection with his office but such fees or money shall be the property of the town and be paid to the supervisor not later than the fifteenth day of each month following the receipt thereof, excepting such fees and moneys the application and payment of which are otherwise provided for by law.

Section 20 of the Town Law, under the title "Town Officers," provides for a supervisor, town councilmen, a town clerk, two justices of the peace, a town superintendent of highways, three assessors, a receiver of taxes and assessments, and as many town policemen and such other employees as the town board may determine necessary for the proper conduct of the affairs of the town. It provides that the supervisor, town councilmen, town clerk, justices of the peace, town superintendent of highways and receiver of taxes and assessments shall be elected. All other officers in such town shall be appointed by the town board, except as otherwise provided by law.

Section 20 of the Public Health Law provides that "In towns the board of health shall consist of the town board. The local board of health shall appoint a competent physician qualified as

provided by regulation of the public health council, not a member of the local board of health, to be the health officer of the municipality * * *. The term of office of the health officer shall be four years and he shall hold office until the appointment of his successor. He may be removed for just cause by the local board of health or the State Commissioner of Health after a hearing; such removal by the local board of health must be approved by the State Commissioner of Health." The health officer need not reside within the town for which he shall be chosen. The provisions herein contained as to boards of health, and for the appointment of health officers, shall apply to all towns.

Under section 25 of the Public Health Law it is the duty of every physician to report to the local health officer the full name, age and address of every person apparently afflicted with a communicable disease, that is, the doctor or person in charge must fill out the full information as required by the Sanitary Code and give it to the health officer, and the law provides that the person giving such notice shall be entitled to the sum of twenty-five cents which shall be a charge upon and paid by the municipality where the case occurs. It also provides that every local health officer shall report to the State Department of Health all cases of such infectious and contagious or communicable diseases, as may be required by the State Department of Health, and for such reporting the health officer of the town shall be paid by the municipality employing him, upon the certification of the State Department of Health, a sum not to exceed twenty cents for each case so reported.

Section 21 of the Public Health Law provides that "Every such local board, subject to the provisions of the Public Health Law and of the Sanitary Code, shall prescribe the duties and powers of the local health officer, who shall be its chief executive officer, and direct him in the performance of his duties, and fix his compensation, which in case of health officers of cities, towns, villages and consolidated health districts, having a population of eight thousand or less, shall not be less than the equivalent of fifteen cents per annum per inhabitant," and for those having "more than eight thousand shall not be less than twelve hundred dollars per annum. In addition to his compensation so fixed, the board of health must allow the actual and reasonable expenses of said health officer in the performance of his official duties and in going to, attending and returning from the annual sanitary conference of health officers, or equivalent meeting, held yearly within the State, * * * and whenever the services rendered by its health officer shall include the care of smallpox, or a venereal disease, * * * or whenever

such services are extraordinary, by reason of infectious diseases, or otherwise, or include the taking of cultures, * * * they may in their discretion, allow to him such further sum in addition to said fixed compensation as shall be equal to the charges for similar public medical services commonly received by practicing physicians in the locality, audited by the town board of a town, * * * and said additional compensation shall be a charge upon and paid by the municipality as provided in section thirty-five of this chapter."

The local health officer is an independent public officer rather than a town officer. (Report of Attorney-General, 1934, p. 387; *Town of Amherst* v. *County of Erie*, 260 N. Y. 370; *Lorillard* v. *Town of Monroe*, 11 id. 392.)

Section 20 of the Town Law provides for the town officers by designation of the office, and section 27 of the Town Law provides for the fixing of salaries of all officers and employees of towns and provides that such salaries shall be in lieu of all fees. The health officer is not included in either of these sections but is provided for by section 20 of the Public Health Law. Section 21 of the Public Health Law provides the compensation of the health officer. Section 25 of the Public Health Law provides a fee of twenty-five cents for doctors or other persons reporting an infectious or communicable disease to the health officer and also provides a fee to the health officer of not to exceed twenty cents for reporting to the State Department of Health. Section 27 of the Town Law excepts such fees and moneys and application of payment of which are otherwise provided by law.

The fact that the town of Colonie on January 1, 1933, became a first class town operating on the budget plan or system did not repeal the provisions of the Public Health Law so far as the fees and duties of the health officer are provided. A health officer is removable but subject to the approval of the State authorities.

The town board of the town of Colonie had authority to audit the claims of the petitioner, the claims were presented, duly verified, to the town board and no further information was requested from the petitioner.

To audit is to hear, to examine an account, and in its broader sense it includes its adjustment or allowance, disallowance or rejection. (*People ex rel. Brown* v. *Board of Apportionment*, 52 N. Y. 227.) The examination of the account is the trial and its allowance or disallowance is the judgment of the tribunal. The claims presented generally involve questions of mixed law and fact. In some instances the board will have nothing to examine as to the amount of the charge. In certain classes of town charges the amount is fixed by statute.

The contention of the respondent that the salary of the petitioner covered all the charges that he was entitled to make against the town for his services as health officer after January 1, 1933, was not well taken and the section of the Town Law relied upon does not cover health officers.

In claim No. 272, presented for the year 1932, the petitioner was entitled to twenty-five cents each for communicable diseases attended by him as a physician and reported to him as health officer and he was entitled to not to exceed twenty cents for communicable diseases reported by him to the State authorities in addition to the sums allowed upon the said claims.

In claim No. 273, presented for the year 1933, the petitioner was entitled to twenty-five cents for communicable diseases attended by him or reported to him as health officer; he was entitled to not to exceed twenty cents for all communicable diseases reported by him as health officer to the State authorities in addition to the sums allowed upon said claims.

In claim No. 274, presented for the year 1934, the petitioner was entitled to his expenses to the convention including his mileage and meals; he was entitled to reports of communicable diseases attended by him as a physician and reported to the health officer at twenty-five cents each and he was entitled to fees, not to exceed twenty cents each, for reporting to the State authorities on communicable diseases. The board had discretion under section 21 of the Public Health Law as to the amount that they should allow for the diphtheria cultures.

In claim No. 275, for the year 1935, the petitioner was entitled in cases of communicable diseases attended by him and reported to the health officer to a fee of twenty-five cents and he was entitled to a fee of not to exceed twenty cents each for the reporting of communicable diseases to the State authorities. These are in addition to the sums allowed on this claim. The health officer was not entitled to receive pay for more than the total number of cases certified by the State Department of Health to have been reported by him.

The order of the town board is annulled and the matter is remitted to the town board of the town of Colonie, Albany county, N. Y., for the purpose of auditing the claims of the petitioner in accordance with the provisions of this opinion, with costs of fifty dollars and disbursements to the petitioner against the town.

HILL, P. J., McNAMEE and BLISS, JJ., concur; HEFFERNAN, J., dissents, with an opinion.

HEFFERNAN, J. (dissenting). I dissent and vote to affirm the determination of the town board.

The town of Colonie now is and since the 1st day of January, 1933, has been a town of the first class operating upon a budget plan or system. During the years 1932 to 1935, inclusive, petitioner was the health officer of that town. On April 9, 1936, he presented to the town board four claims for services and disbursements and these claims were subsequently audited.

Section 27 of the Town Law, in a town operating on the budget system, such as the town of Colonie, provides that the town board shall fix the salaries of all elected and appointed town officers and that such salaries shall be in lieu of all fees, charges or other compensation for all services rendered to the town. All fees and moneys received by the town officer in connection with his office shall become the property of the town and each town officer is required to submit a monthly report of and pay such moneys to the supervisor. From January 1, 1933, petitioner received a salary fixed by the town board. He now contends that he is also entitled to the fees incident to his office.

An important question to determine is the status of the office occupied by petitioner. In the prevailing opinion Justice CRAPSER describes him not as a town officer but as " an independent public officer." The question at once arises as to the nature of the office he occupies. Certainly he may not be regarded as a State officer, neither is he to be treated as a county officer. It seems very clear to me that he must be regarded as a town officer. (State Const. art. 10, § 2; *People ex rel. Bush* v. *Houghton*, 182 N. Y. 301; *Matter of Towne* v. *Porter*, 128 App. Div. 717.) The doctrine announced in the *Houghton* case was reaffirmed in *People ex rel. Werner* v. *Prendergast* (206 N. Y. 405). Section 20 of the Public Health Law constitutes the town board the local board of health and directs that body to appoint a competent physician who shall be the health officer of the municipality. The town board of Colonie appointed petitioner and he qualified and filed the oath required of all town officers. Furthermore, it is clear that petitioner is a town officer from the nature of his duties which are purely local.

The board, therefore, properly rejected claims of the petitioner numbered 273, 274 and 275. These claims relate to fees arising subsequently to January 1, 1933, to which petitioner asserts he is entitled for reporting communicable diseases to the State Department of Health. Clearly those fees belong to the town. In claim numbered 274 the petitioner also seeks to charge the town $68.50 for attending a health officers' convention. The board audited this item at $46.50. In its return the board alleges that the amount at which the claim was audited represented the reasonable expenses of petitioner. The statement in the return is conclusive. The

only evidence offered in support of the claim was petitioner's own affidavit. He was an interested witness and the board was not bound to accept his testimony. It was authorized to act upon its own knowledge and award such a sum as in its judgment seemed proper and this court has no jurisdiction to review that action. (*Matter of Lanehart*, 32 App. Div. 4.)

Petitioner also claims that he is entitled to the sum of fifty-five dollars for diphtheria cultures. Section 21 of the Public Health Law provides that the board in its discretion may allow the health officer for extraordinary services by reason of infectious diseases. It is entirely discretionary with the board whether or not it shall make such allowance and we may not review that discretion.

Petitioner also contends that during the year 1932 he was entitled to fees for reporting communicable diseases to himself   Section 25 of the Public Health Law provides that it is the duty of every physician to report to the local health officer the name and address of every person apparently affected with a communicable disease. If there be no physician in attendance this duty is imposed upon certain private persons. The physician or other person giving the notice is entitled to the sum of twenty-five cents therefor which is a charge upon the town. In turn the local health officer is required to report the same to the State Department of Health and for such service he shall be paid by the municipality upon the certificate of the State Department of Health a sum not to exceed twenty cents for each case so reported. Petitioner contends that while he was acting as a private physician he discovered a number of cases of communicable diseases and reported that information to himself and that consequently he is entitled to a fee of twenty-five cents in each instance. In addition he also claims twenty cents each for reporting the same to the State Department of Health. During the year 1932, when he was not on a salary basis, he was entitled to the fee for reporting to the State Department of Health. He was not, however, entitled to any fee in cases coming to his attention as attending physician. Obviously he is not entitled to a fee for reporting to himself a communicable disease. To hold that he may act in a dual capacity in this respect seems quite absurd. If he discovered a case of communicable disease in his practice as a physician it was his duty to report it. The information which he acquired as a private physician was information to himself as a public officer.

The order of the town board is annulled and the matter is remitted to the town board of the town of Colonie, Albany county, N. Y., for the purpose of auditing the claims of the petitioner in accordance with the provisions of the opinion, with costs of fifty dollars and disbursements to the petitioner against the town.