WILLIAM E. BARRETT and GRACE A. REAVY and Others, Constituting the Civil Service Commission of New York State, Plaintiffs, *v.* EDWARD C. BOEHM, Defendant.

Fourth Department, January 5, 1939.

*John J. Bennett, Jr., Attorney-General [Henry Epstein, Solicitor-General, of counsel], for the plaintiffs.*

*David Diamond, Corporation Counsel [Andrew P. Ronan of counsel], for the defendant.*

TAYLOR, J. This is a submission of a controversy upon agreed facts, pursuant to sections 546 to 548, inclusive, of the Civil Practice Act. The sole question which is presented for determination is whether subdivision 6 of section 11 of the Civil Service Law (Laws of 1909, chap. 15, as amd.) violates the Constitution of this State in so far as subdivision 6 confers upon the State Civil Service Commission the power to appoint a municipal civil service commissioner to serve for the unexpired term of a commissioner who has been removed by local authority during the pendency of an investigation by the State Commission of the administration of the civil service of the city.

An investigation of the administration of the civil service of the city was instituted in December, 1937, by the common council, which resulted in the removal by the mayor of one of the municipal civil service commissioners for cause after a hearing. The mayor appointed the defendant herein a member of the municipal commission for the unexpired term of the removed commissioner.

Defendant took the oath of office on June 30, 1938, and has, since that time, performed the duties of that office. On January 6, 1938, the State Commission, by resolution, undertook an investigation into the affairs of the municipal commission, which investigation was in progress on October 7, 1938. On that date, notwithstanding the appointment, in June, of defendant by the mayor, the State Commission appointed William E. Barrett, one of the plaintiffs herein, to the office of municipal commissioner in place of the removed commissioner. Mr. Barrett has been denied any participation in the affairs of the municipal commission on the ground that his appointment by the State Commission is invalid.

Subdivision 6 of section 11 of the Civil Service Law, in so far as it is pertinent to the question before us, reads: " whenever

any municipal commissioner shall resign or be removed by the mayor or other duly authorized appointing authority pending an investigation by the State Commission of the administration of the civil service of the city in which such person is a municipal commissioner, * * * the State Commission and not the mayor or other duly authorized appointing authority of such city shall have power to appoint a person to fill such vacancy and such person so appointed by the State Commission shall hold office as municipal civil service commissioner of such city for the unexpired term of his predecessor and until his successor is appointed and qualifies."

The submitted statement of facts discloses that " (f) Continuously from in or about the year 1886 to and including the year 1894, a Civil Service Commission was appointed by the Mayor of the city, pursuant to statute, with powers and duties practically the same as was provided by Article 5, Section 9█ of the Constitution and by various Civil Service laws thereafter enacted by the Legislature," and, upon the·argument, counsel for the parties stipulated in open court that the office of municipal civil service commissioner was a public office which was in existence prior to the adoption of the 1894 Constitution of this State.

By section 66 of the present charter█ of the city of Buffalo the mayor is given power to appoint and employ civil service commissioners. Jurisdiction of the municipal civil service commission is limited to the city of Buffalo. It thus appears that the office of municipal civil service commissioner of the city of Buffalo is a local one and its incumbent a city officer, and that the office and the duties thereof existed prior to the adoption of the present Constitution. The applicable provision of the Constitution is found in section 2█ of article 10, which reads: " All city, town and village officers, whose election or appointment is not provided for by this Constitution shall be elected by the electors of such cities, towns and villages, or of some division thereof, or appointed by such authorities thereof, as the Legislature shall designate for that purpose."

The election or appointment of municipal civil service commissioners is not provided for by the Constitution. Such an office may only be filled by a duly authorized local appointing authority, rather than by a central authority such as is the State Civil Service Commission. Not only the unambiguous and

imperative language of the Constitution but also authoritative judicial interpretation require this conclusion.

In *People ex rel. Bush* v. *Houghton* (182 N. Y. 301) the court considered a provision of the Public Health Law which continued local boards of health in the several cities of the State and provided that such boards should consist of the mayor and at least six other persons who should be appointed by the common council upon the nomination of the mayor, and which further provided that, if the proper authorities failed to fill any vacancies occurring in the local board within thirty days after the happening of such vacancy, the county judge of the county should appoint a competent person to fill the vacancy for the unexpired term. The court held that an appointment by the county judge, pursuant to authority conferred by the statute, was invalid because the statutory provision violated section 2 of article 10 of the Constitution. The facts in that case are analogous to the facts in this case and that decision is controlling here. (See, also, *Prescott* v. *Ferris*, 251 App. Div. 113, and cases therein cited.)

Defendant, therefore, is entitled to judgment, without costs, decreeing that he is the duly appointed member of the municipal civil service commission of the city of Buffalo, that the appointment of William E. Barrett by the State Civil Service Commission is illegal and void, and that subdivision 6 of section 11 of the Civil Service Law contravenes the provisions of section 2 of article 10 of the Constitution in so far as subdivision 6 confers upon the State Civil Service Commission the power to appoint a municipal civil service commissioner to serve for the unexpired term of a commissioner who has been removed by local authority during the pendency of an investigation by the State Commission of the administration of the civil service of the city.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and TAYLOR, JJ.

Submitted controversy determined in favor of the defendant, without costs.